Argued and submitted June 19, reversed and remanded with instructions to reinstate order September 18, reconsideration denied November 1, petition for review denied December 10, 1985 (300 Or 367)

In the Matter of the Suspension of the Driving Privileges of:

WIMMER,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(84-1498-E; CA A33960)

706 P2d 182

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Michael L. Mowrey, Grants Pass, argued the cause for respondent. With him on the brief were Burrows, Simcoe & Mowrey, Grants Pass.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

The Motor Vehicles Division appeals an order of the circuit court[1] which reversed the Division's administrative suspension of petitioner's driving privileges for refusal to take a breath test. We reverse.

On August 4, 1984, petitioner was arrested for driving while under the influence of intoxicants. He was informed, pursuant to ORS 487.805, the Implied Consent Law, that if he refused to take a breath test his driving privileges would be suspended. He was then advised:

"IF YOU TAKE THE BREATH TEST and the instrument shows your blood alcohol level as .08% or higher, you are considered to be under the influence of intoxicating liquor. In that case:

"1. You may have a reasonable opportunity to have a doctor, licensed nurse, qualified technician, chemist, or other qualified person of your choosing, give you a chemical test or tests to determine the alcohol content of your blood. This test is in addition to the breath test given to you by a police officer. You must pay for any test given at your request."

Petitioner consulted with a lawyer and then refused the test.

Under the Implied Consent Law, advice of certain statutory rights is a prerequisite to a valid suspension. ORS 482.541(4) provides in pertinent part:

"A suspension under this section is valid if all of the following requirements under ORS 487.805 have been met:

"* * * * *

"(e) The person was informed of the *person's rights under ORS 487.810*[2] and this section." (Emphasis supplied.)

---

[1] ORS 482.541(6) confers jurisdiction on the circuit court to review Division orders entered pursuant to this section. Review is *de novo* but limited to the record of the Division's hearing.

[2] ORS 487.810 provides, in relevant part:

"In addition to a chemical test of the breath, blood or urine administered upon the request of a police officer pursuant to ORS 487.805 or 487.835, a person shall be permitted upon request, at the person's own expense, reasonable opportunity to have any licensed physician and surgeon, licensed professional nurse or qualified technician, chemist or other qualified person of the person's own choosing administer a chemical test or tests of the person's blood or urine, or both, for the purpose of determining the alcoholic content of the person's blood * * *."

The circuit court determined that the notice and advice of rights informed petitioner that he only had a right to an independent test if he registered .08 percent or greater on the police administered breath test. Because petitioner was not advised that he had a right under ORS 487.810 to an independent test even if the breath test result was less than .08 percent, the circuit court decided that the suspension was invalid. ORS 482.541(4). The Division argues that the notice to petitioner of his rights is a correct statement of the law and that, even assuming that it is technically incorrect, petitioner was not prejudiced.

■ We read the notice, as did the circuit court, as informing petitioner that the right to an independent test arises only if his breath test equals or exceeds .08 percent. ORS 487.810 governs the right to the independent test, and it does not condition the exercise of that right on the percent of alcohol in the driver's blood. Moreover, test results of a blood alcohol level less than .08 percent may be used, when relevant, as indirect evidence, to determine whether a driver was then driving under the influence of intoxicants. ORS 487.545.[3] We conclude that, under ORS 487.810, a driver arrested for driving while under the influence of intoxicants, has a right to an additional independent test for blood alcohol content regardless of the results of the test administered by the police. The notice provided petitioner concerning his right to an independent test was an incorrect statement of a person's rights under ORS 487.541(4)(e).

■ The question becomes whether the inaccuracy requires reversal of the suspension. Petitioner's refusal to take the breath test as requested precluded him from exercising his right to an additional independent test. There is no indication that the inaccurate advice influenced petitioner's decision not to take the test, nor can we imagine any plausible, logical connection between a decision *not* to take a breath test and

---

[3] ORS 487.545(1) provides:

"At the trial of any civil or criminal action, suit or proceeding arising out of the acts committed by a person driving a motor vehicle while under the influence of intoxicants, if the amount of alcohol in the person's blood at the time alleged is less than .08 percent by weight of alcohol as shown by chemical analysis of the person's breath or blood, it is indirect evidence that may be used with other evidence, if any, to determine whether or not the person was then under the influence of intoxicants."

the failure to be informed of a right to an independent test if the blood alcohol content is less than .08 percent. Petitioner's refusal did not result from the inaccurate advice of rights. *See Chase v. Motor Vehicles Division,* 63 Or App 15, 663 P2d 412 (1983).

Reversed and remanded with instructions to reinstate the Division's order of suspension.