[No. 51873–4. En Banc. February 27, 1986.]

THE STATE OF WASHINGTON, *Petitioner,* v. WHITMAN COUNTY DISTRICT COURT, ET AL, *Respondents.*

*James H. Kaufman, Prosecuting Attorney,* and *Susan Grosshandler* and *Jay Quine, Deputies,* for petitioner.

*Aitken, Schauble, Patrick & Neill,* by *Bruce A. Charawell,* for respondents Whitman County District Court, et al.

*Cooney & Cooney, P.S.,* by *James F. Irwin,* for respondent Prichard.

*Patrick D. Sutherland, Prosecuting Attorney for Thurston County,* and *Rodney G. Franzen, Deputy; Seth R. Dawson, Prosecuting Attorney for Snohomish County,* and *Matthew L. Vadnal* and *Seth Aaron Fine, Deputies,* amici curiae for petitioner.

DORE, J.—The State seeks direct review of the decision of the Superior Court suppressing the results of Breathal-

yzer tests in a number of prosecutions for driving while under the influence. The Superior Court found that the statutory implied consent warning was erroneous and misleading, and the defendants were thereby deprived of an opportunity to exercise an intelligent judgment as to the effect of refusal. We affirm in part, reverse in part.

## FACTS

All of the respondents were arrested for driving while under the influence. After arriving at the police station, each respondent was advised of his or her *Miranda* rights and then advised of his or her implied consent rights as mandated by RCW 46.20.308 (Laws of 1983, ch. 165, § 1). Some of the respondents were advised in the exact language of the statute that their refusal "*may* be used against you in a subsequent criminal trial." The other respondents were advised that their refusal to take the Breathalyzer test "*shall* be used against you in a subsequent criminal trial." All of the respondents subsequently submitted to a Breathalyzer test.

The District Court, in each of the prosecutions, ordered that the results of the Breathalyzer be suppressed. To arrive at its decision, the District Court held that the evidentiary statute, RCW 46.61.517 (enacted July 1, 1983), purported to admit irrelevant and prejudicial evidence and thus was void. Since refusal evidence was found to be inadmissible, the warning was deemed to be misleading and coercive and warranted suppression of the test results.

The Superior Court issued writs of review for each case and consolidated the appeals. Subsequently it affirmed all district court decisions. The Superior Court reasoned that the purpose of the implied consent warnings is to permit a driver to exercise an intelligent judgment as to the effect of a refusal. Either term, "shall" or "may", would lead a driver to reasonably conclude that the fact of his refusal could be admitted into evidence to prove intoxication or consciousness of guilt. The court found that RCW 46.61.517 not only prohibited the use of refusal evidence to establish guilt, but

also that the statute was void as it allowed the admission of evidence that was irrelevant and prejudicial. The warning, therefore, was erroneous and misleading, because it deprived the defendants of an opportunity to exercise an intelligent judgment. Consequently the test results were inadmissible.

### IMPLIED CONSENT WARNINGS

There are two approaches which could support the Superior Court's determination that the implied consent warnings deny an accused an opportunity to make a knowing and intelligent decision whether to submit to a Breathalyzer test. The first follows from a finding that RCW 46.61-.517, the evidentiary counterpart to the warnings provision, is void as purporting to allow the admission of irrelevant and prejudicial evidence. The second approach presumes that a refusal is admissible, but the statutory warning is found to be misleading because an accused would reasonably conclude that his or her refusal could be used for the purposes of inferring guilt, an inference prohibited by the evidentiary provision.

The Supreme Court in *South Dakota v. Neville,* 459 U.S. 553, 74 L. Ed. 2d 748, 103 S. Ct. 916 (1983) held that fundamental fairness mandated by due process does not require a warning to an accused that refusal to take a blood alcohol test may be used as evidence of guilt.

The courts of this state have not addressed the warning requirements of the implied consent law on a constitutional basis, but rather as rights granted through the statutory process. This court has consistently interpreted the underlying purpose of the implied consent statute to be that of providing the automobile operator the opportunity of exercising an intelligent judgment concerning whether to exercise the statutory right of refusal. In *Connolly v. Department of Motor Vehicles,* 79 Wn.2d 500, 487 P.2d 1050 (1971), this court quoted with approval the language of the Ohio Court of Appeals:

It is not our purpose to declare these statutory provisions unconstitutional. But in order for us to avoid holding them invalid, it is necessary to reconcile them with each other and to give effect to all. If the person under arrest is to be held to have refused to submit to the test mentioned in Section 4511.191(F), he must have refused knowingly and intelligently, after being advised of his right to have a physician, etc., of his own choosing administer an additional test or tests as provided in Section 4511.19.

*Connolly*, at 504 (quoting *Couch v. Rice*, 23 Ohio App. 2d 160, 161, 261 N.E.2d 187 (1970)). The court went on to hold that the failure to inform a defendant of his right to have additional tests administered pursuant to the statute invalidates the revocation of a defendant's driver's license for failure to submit to a blood alcohol test. *Accord, Department of Motor Vehicles v. McElwain,* 80 Wn.2d 624, 496 P.2d 963 (1972).

The proposition that a defendant is entitled to accurate advice in order to insure he has the opportunity to make a knowing and intelligent judgment pursuant to the implied consent statute was clarified in *Welch v. Department of Motor Vehicles,* 13 Wn. App. 591, 536 P.2d 172 (1975). In *Welch* the defendant was warned that in the event of his refusal to take a blood alcohol test, he *could* lose his license. The court held that the warning failed to provide the defendant an opportunity of exercising an intelligent judgment where revocation of a driver's license was an absolute condition of refusal.

These cases clearly establish the proposition that the accused has a right under the implied consent statute to be afforded the opportunity to make a knowing and intelligent decision whether to submit to an evidentiary breath test. The fundamental issue for decision in this case is whether the respective defendants were afforded such an opportunity based on the warnings which were given. All of the above cases dealt with administrative license revocation proceedings which are civil in nature. Nonetheless, the same issue presents itself in the criminal context in the

event the accused submits to an evidential breath test. In *State v. Krieg,* 7 Wn. App. 20, 497 P.2d 621 (1972) the Court of Appeals considered the effect, in a criminal case, of a failure to give the warnings contained in the implied consent statute. In that case, the State conceded that the arresting officer had failed to advise the accused of his right to refuse the test and of his right to have additional tests administered by a qualified person of his choosing. The officer did advise the accused of the remaining information contained in RCW 46.20.308(1). The court phrased the issue for consideration as follows:

> The issue becomes one of deciding whether the officer complied with the statute in such a fashion as to adequately apprise the driver of his right to *withdraw* his consent.

*Krieg,* at 23. The court answers the above question as follows:

> Since no statutory warnings were given in this case, the officer did not meet that burden.
> Clearly, the Miranda warnings did not obviate the necessity for giving the statutory warnings, because there is no constitutional right to refuse to take a breathalyzer test. Only the statutory warnings can apprise a driver of his right to refuse the test.

(Citations omitted.) *Krieg,* at 23. In *Krieg,* the issue was whether the omission of warnings adequately apprised the driver that he had a right to refuse to take an evidential breath test. In this case, the issue is whether the warnings given adequately apprise the driver of the *consequences* in the event he exercised his right to refuse the evidential breath test. The court in *Krieg* went on to hold that the statutory warnings applied in the criminal context and that the State had the burden of demonstrating compliance. Further, the court held that in the event the State could not establish that adequate warnings were given to the accused prior to securing his agreement to submit to an evidential breath test, a remedy was available to the defendant in a criminal action in the form of suppression of

the breath test results. *Krieg,* at 25–26.

The initial contention advocated by the respondents is that the warnings are legally incorrect and deny the accused an intelligent judgment because refusal evidence is inadmissible in all circumstances as irrelevant and prejudicial. This contention follows from a finding that the evidentiary provision, RCW 46.61.517, is void for the reason that the statute renders refusal evidence irrelevant by requiring a jury instruction that the trier of fact is to draw no inference from the fact of refusal.

This court held in *State v. Zwicker,* 105 Wn.2d 228, 713 P.2d 1101 (1986) that evidence of refusal to submit to a Breathalyzer is inadmissible in the prosecution's case in chief, as it is not evidence of guilt or innocence, nor an essential element of the prosecutor's case. We held however that admissibility of a refusal to submit to a Breathalyzer is proper in situations where the defendant opens the controversy by contending there was a lack of credibility or competence on the part of the examining police officers.

Because refusal evidence is admissible under limited circumstances we must determine whether the implied consent warnings deny the respondents an opportunity to make an intelligent judgment.

In the category of cases where the respondents were advised that a refusal "shall" be used against them, the *Welch* opinion lends strong support to the position that the warnings denied the respondents an opportunity to make an intelligent judgment.

In *Welch,* the defendant was arrested and charged with driving while under the influence of intoxicating liquor. The court stated on pages 591–92:

> Welch refused to take the test after being advised that he had a right to refuse, but in the event of refusal, he "could" lose his license. He was also advised that he had a right to have additional tests administered by any qualified person of his choosing.
>
> . . .
>
> The sole issue on appeal is the sufficiency of the statutorily required warning concerning the penalty to be

imposed for refusing to submit to the breathalyzer test. We determine the warning was insufficient and reverse.

The certainty of a 6–month license revocation, after a proper warning and upon refusal, is absolute. RCW 46.20.308(3). The word "could," however, "merely expresses 'a contingency that may be possible' and nothing more." *United States Cas. Co. v. Kelly,* 78 Ga. App. 112, 116, 50 S.E.2d 238 (1948); *see also Webster's Third New International Dictionary* (1969). Its use in advising Welch informed him of the "possibility" of license revocation when, in reality, revocation is a certainty.

The "obvious purpose" of the statutory warning "is to provide [the operator] the opportunity of exercising an intelligent judgment . . ." The warning here did not provide Welch with the opportunity to exercise the intelligent judgment which the mandatory language of the statute requires.

. . . Our . . . judgment requires that the operator be advised of the mandatory effect of a refusal to be tested.

(Citations omitted.)

The warnings received by the defendants in the "shall" category present a similar issue as that in *Welch.* The implied consent statute requires that the officer *shall* warn the driver that his refusal to take the test *may* be used against him in any subsequent criminal trial. RCW 46.20-.308(1) (now codified under subsection (2)). The defendants in this category were advised by the officer "that your refusal to take the test *shall* be used against you in a subsequent criminal trial." The implied consent statute is worded in the mandatory sense as noted by the court in *Connolly.* Therefore, the officer had no discretion with regard to the wording he used to warn the accused. In addition, as in *Welch,* the change in wording operated to convey a different meaning than that specified in the statute. The word "may" merely expresses a contingency that may be possible, nothing more. It suggests that there is a possibility that his refusal will be used against him. The word "shall" conveys to the accused absolute certainty that his refusal would be subsequently used against him. As a result, the warning actually read to the accused by the offi-

cer contains a more coercive impact than that required by statute.

Clearly, the warning authorized by statute is intended to advise the accused that negative consequences might result from his refusal to submit to the breath test. The difference in wording noted above operates to convey a completely different meaning to the accused with regard to the frequency or probability that those negative consequences will follow. If an individual is informed that it is more likely that negative consequences will follow a certain decision, it seems obvious that more pressure is being brought to bear on the accused to make that decision which would avoid the negative consequences. Where the court in *Welch* found the difference between the words "could" and "will" to be a sufficient basis for finding a warning inadequate in the civil context, certainly, in a criminal context, the difference between "shall" and "may" is at least as significant. Had the Legislature wished to convey to the accused that the use of refusal evidence was mandatory in a criminal case, they could have done so. However, they did not do so and one can only conclude that the Legislature intended that different information be conveyed to the accused than was the case in this "shall" category of respondents.

The State contends that the "shall" language substantially complied with the statute. The State argues that a defendant is afforded an opportunity to make an intelligent judgment when warned of the worst possible consequences of a decision to refuse the Breathalyzer. This contention is illogical. The respondent's choice whether to submit to a Breathalyzer is based upon the *least* possible consequences of his refusal. A warning that refusal *may* be used against the defendant affords the defendant the opportunity to make a judgment of refusal knowing that the refusal may not be used against him in a subsequent criminal proceeding. The *shall* language does not apprise the defendant of this possibility.

We find that the defendants in the "shall" category of cases were denied the opportunity of exercising an intelli-

gent judgment concerning whether to exercise the statutory right of refusal. The suppression of the results of the Breathalyzer test in this category of cases is the appropriate remedy.

In the category of cases where the respondents were advised that a refusal "may" be used against them, they were advised in the exact language of the statute. The word "may" expresses a possibility of permissiveness. In the present context it is synonymous with "could," expressing a contingency that may be a possibility and nothing more. *See Welch,* at 591–92.

The respondents contend that the additional language of the statutory warning, *i.e.,* used against you in a subsequent criminal proceeding, is misleading because it would lead a driver to reasonably conclude that a refusal could be used to prove intoxication or consciousness of guilt. We disagree. The phrase "used against you" merely indicates that a refusal may be used by the State in an adversarial criminal proceeding. It does not connote the use of refusal as proof of intoxication in the prosecution's case in chief. An advisement of rights does not purport to address intricate evidentiary questions. *State v. Rupe,* 101 Wn.2d 664, 676–77, 683 P.2d 571 (1984). The warnings given in the exact language of the statute conveyed their full import and were sufficient to adequately inform the respondents of the consequences of a refusal to submit to a Breathalyzer test. Thus, where the evidentiary statute is valid in limited context, *i.e.,* refusal admissible as rebuttal evidence, the "may" language is appropriate as providing an opportunity to make an intelligent judgment.

### CONCLUSION

The respondents in the "may" category of cases had an opportunity to make an intelligent judgment, and thus the Breathalyzer test results are admissible.

In the category of "shall" cases the respondents were denied an opportunity to make an intelligent judgment. Suppression of the Breathalyzer test results in the "shall"

category of cases was appropriate.

We remand for further proceedings in accordance with this opinion.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.