[No. 14694–7–I.   Division One.   August 11, 1986.]

HAROLD F. MCCARTHY, *Appellant,* v. THE DEPARTMENT
OF LICENSING, *Respondent.*

*Douglas L. Cowan, Stephanie M. Searing,* and *Kinzel,
Cowan & Allen,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Gwendo-
lyn Howard, Assistant,* for respondent.

GROSSE, J.—At issue in this appeal is the adequacy of the
warnings given under the implied consent law. The trial
court found them adequate and upheld the Department's
revocation of the appellant's license. We affirm.

RCW 46.20.308(1), in effect at the time of the arrest,
requires the arresting officer to both inform the driver of
his or her right to refuse the Breathalyzer test, and to
"warn the driver that his or her privilege to drive *will* be
revoked or denied if he or she refuses to submit to the
test." (Italics ours.) Cases construing the statute have con-
sistently required that the warning be unequivocal as to the
certainty of license revocation in the event of refusal, as
opposed to a mere "possibility". *See Welch v. Department
of Motor Vehicles,* 13 Wn. App. 591, 592, 536 P.2d 172

(1975); *State v. Staeheli,* 102 Wn.2d 305, 308–09, 685 P.2d 591 (1984).

In this appeal appellant raises no question as to the propriety of the initial arrest nor that he was confused as to the warning, *see, e.g., Waid v. Department of Licensing,* 43 Wn. App. 32, 37–38, 714 P.2d 681 (1986). Rather, he argues he was provided incorrect information by a sergeant at the police station to the effect that should he refuse the Breathalyzer test he might be able to receive an occupational driver's license during the period of revocation. This was important to appellant who is a sales representative traveling primarily by automobile.

Only two witnesses testified at the trial de novo before the Superior Court, the arresting officer and appellant. The arresting officer testified that he requested appellant to take the Breathalyzer test after having read him his required *Miranda* rights and read him the implied consent rights as required by the statute. He testified that he took appellant into the Breathalyzer room and read him both sets of rights. Appellant refused to take the Breathalyzer test, whereupon the officer had appellant sign the required informed consent form. That form contained a clear statement of appellant's rights and of the ramifications of a refusal to take the test which included: "That my refusal will cause my privilege to drive to be revoked or denied."

Appellant argues a different version of facts. He contends that he had not unequivocally made up his mind to refuse the test when he emerged from the Breathalyzer room with the arresting officer and spoke with a sergeant in the station. According to appellant the sergeant informed him that if he refused to take the Breathalyzer test and had his license revoked he would be able to plead for an occupational license at a later hearing where he could be represented by counsel. Appellant contends he then determined not to take the Breathalyzer test based in large part upon the sergeant's alleged erroneous advice. The sergeant was never called to testify. The arresting officer who was present for this alleged discussion testified that he could

not recall any such discussion of occupational licenses.

Appellant challenges finding of fact 5 contending it is not supported by the evidence: "Petitioner was not advised by the law enforcement officers that it would be possible for him to receive an occupational driver's license." The testimony of the arresting officer constitutes substantial evidence such that the finding will not be disturbed. *Penberthy Electromelt Int'l, Inc. v. United States Gypsum Co.,* 38 Wn. App. 514, 518, 686 P.2d 1138 (1984). Moreover, appellant does not challenge finding of fact 4 which states he was advised by the arresting officer of the rights under the statute "and the consequences of refusing to submit to a chemical test of breath." This finding is supported by the officer's testimony as well as the form delineating the informed consent rights which was signed by appellant. Finally, we note that these findings were made in part from the court's assessment of the witnesses. The trial court stated specifically

> Herein assessing the demeanors of the witnesses, comparing Mr. McCarthy's testimony and recollection with that of Officer Davis, it's the decision of the Court that no occupational conversation took place between Officer Davis and Mr. McCarthy and no occupational conversation took place between the sergeant and Mr. McCarthy.

The court stated unequivocally in its oral decision that it determined appellant had made up his mind "prior to his conversation with the sergeant not to take the breath test and that it was a refusal, so that if a conversation took place with the sergeant, it would have misled him after the fact."

Where a party's defense comes down to a swearing contest with another witness, this court cannot substitute its judgment for that of the trier of fact. Here, the waiver card signed by appellant supports the trial court's findings and decision, as does the arresting officer's testimony, as well as the testimony of the appellant himself. At best, he says his signed refusal was made with "fingers crossed" and that he might have changed his mind on the way out the door but

for a conversation with another officer. Even if true, this would not be sufficient to obviate the refusal. *See Wolf v. Department of Motor Vehicles,* 27 Wn. App. 214, 217, 616 P.2d 688 (1980).

The trial court is affirmed.

SCHOLFIELD, C.J., and WEBSTER, J., concur.