[Nos. 55675-0, 55739-0. En Banc. June 29, 1989.]

THE STATE OF WASHINGTON, *Petitioner,* v. JOSEPH BARTELS, ET AL, *Respondents.*

THE CITY OF SEATTLE, *Petitioner,* v. RANDY BRANCH, *Respondent.*

---

[3]Despite my dissent on the first two issues, I concur fully in the analysis of sections III and IV.

*Donald C. Brockett, Prosecuting Attorney,* and *G. Ward McAuliffe* and *Dannette W. Allen, Deputies,* for petitioner State.

*Douglas N. Jewett, City Attorney,* and *Douglas B. Whalley, City Prosecutor,* for petitioner Seattle.

*John Cooney & Associates, P.S., Irwin & Chinn, P.S.,* and *James F. Irwin,* for respondents Bartels, et al.

*Richard L. Cease, Public Defender,* and *Jim Kane, Assistant,* for respondents Buchite, et al.

*Ann Ryan* of *Associated Counsel for the Accused,* for respondent Branch.

CALLOW, C.J.—We are asked in these consolidated cases to suppress the results of certain blood alcohol content tests. Each defendant agreed to submit to a test after being told that he or she had the right to have a qualified person administer an additional test "at your own expense." We hold that the quoted language is improper.

## I

Each defendant in these cases was arrested for suspicion of driving while intoxicated. The arresting officer properly advised each defendant of his or her *Miranda* rights, and then asked the defendant to submit to either a BAC Verifier test, a Breathalyzer test, or a blood test to determine blood alcohol content. Each defendant asked to submit to a breath test was given the following warning:

> Further, you are now being asked to submit to a test of your breath which consists of two separate samples of your breath, taken independently, to determine alcohol content. You are now advised that you have the right to refuse this breath test; that if you refuse, your privilege to drive will be revoked or denied by the Department of Licensing; and that you have the right to additional tests administered by a qualified person of your own choosing *and at your own expense* and that your refusal to take the test may be used in a criminal trial.

(Italics ours.) The defendant asked to submit to a blood test was given the following warning:

Further, you are now being asked to submit to a test of your blood to determine alcohol content because (a) you are incapacitated, due to physical injury, physical incapacity or other physical limitation, of providing a breath test, or (b) as a result of a traffic accident you are being treated for a medical condition in a hospital, clinic, doctor's office, or other similar medical facility in which a breath testing instrument is not present. You are now advised that you have the right to refuse this blood test; that if you refuse, your privilege to drive will be revoked or denied by the Department of Licensing; and that you have the right to additional tests administered by a qualified person of your own choosing *and at your own expense* and that your refusal to take the blood test may be used against you in a criminal trial.

(Italics ours.) Each defendant agreed to be tested. Each test showed legally excessive levels of alcohol.

Each defendant moved to suppress the test results on the grounds that the words "at your own expense" were not explicitly included in the implied consent statute, RCW 46.20.308(2). The involved District or Municipal Court Judge granted these motions, ruling that the additional words derogated from the statutory warnings. Each Superior Court affirmed. We accepted certification from the Courts of Appeals.

## II

The implied consent statute was adopted by initiative in 1968. Laws of 1969, ch. 1; Initiative 242; RCW 46.20.308, .311, .911, 46.61.506. The statute provides law enforcement officers with an effective means of obtaining physical evidence of intoxication since any person operating a motor vehicle on the roads of this state is deemed to have consented to the administration of a blood alcohol content test. RCW 46.20.308(1). However, the statute also protects the rights of the DWI suspect in that he or she may withdraw consent prior to being tested. RCW 46.20.308(5).

The statute gives the driver who submits to a test the right to obtain an additional test administered by a qualified person of the driver's choosing. RCW 46.61.506(5). This permits a driver to obtain evidence with which to impeach the results of the state–administered test. *State v. Stannard,* 109 Wn.2d 29, 35, 742 P.2d 1244 (1987). "[T]he statutory requirement demonstrates an important protection of the subject's right to fundamental fairness which is built into our implied consent procedure." *State v. Canaday,* 90 Wn.2d 808, 817, 585 P.2d 1185 (1978).

The statute also requires the arresting officer to warn the driver of his or her rights, and of the possible consequences of refusing the test:

> The officer shall inform the person of his or her right to refuse the breath or blood test, and of his or her right to have additional tests administered by any qualified person of his or her choosing as provided in RCW 46.61.506. The officer shall warn the driver that (a) his or her privilege to drive will be revoked or denied if he or she refuses to submit to the test, and (b) that his or her refusal to take the test may be used in a criminal trial.

RCW 46.20.308(2).

Accordingly, every DWI suspect must be advised of these four distinct rights: (1) "you have the right to refuse the breath or blood test;" (2) "if you refuse to submit to the test your privilege to drive will be revoked or denied;" (3) "your refusal to take the test may be used in a criminal trial;" and (4) "if you take the breath or blood test, you have the right to additional tests administered by any qualified person of your own choosing." This 4–part warning enables the driver to make an intelligent decision how to exercise his or her statutory rights. *State v. Whitman Cy. Dist. Court,* 105 Wn.2d 278, 281, 714 P.2d 1183 (1986); *Roethle v. Department of Licensing,* 45 Wn. App. 607, 726 P.2d 1001 (1986), *review denied,* 107 Wn.2d 1030 (1987).

In the cases before us, the arresting officer advised each defendant of his or her right to obtain the additional test administered by a qualified person of his or

her own choosing, but informed each defendant that any additional test would be "at your own expense." This language is not authorized by the statute, and does not accurately describe an indigent defendant's right to obtain reimbursement for the cost of an additional test.

The Washington Rules of Court provide that an indigent defendant is entitled to reimbursement for certain expenses connected with his or her defense:

(1) A lawyer for a defendant who is financially unable to obtain investigative, expert, or other services necessary to an adequate defense in the case may request them by a motion to the court.

(2) Upon finding that the services are necessary and that the defendant is financially unable to obtain them, the court, or a person or agency to whom the administration of the program may have been delegated by local court rule, shall authorize the lawyer to obtain the services on behalf of the defendant. The court, in the interest of justice and on a finding that timely procurement of necessary services could not await prior authorization, shall ratify such services after they have been obtained.

CrRLJ 3.1(f) (formerly JCrR 2.11(f)). This rule "incorporates constitutional requirements." *State v. Kelly*, 102 Wn.2d 188, 685 P.2d 564 (1984).

CrRLJ 3.1(f) articulates three conditions a defendant must meet in order to obtain reimbursement for the cost of an additional test: (1) the test must be shown to have been necessary to an adequate defense; (2) the defendant must show that he or she was financially unable to obtain the test; and (3) the court must make a finding that the defendant was unable to secure court authorization prior to timely obtaining the test.

All DWI suspects will meet the first and third criteria. An additional blood alcohol content test is necessary to the suspect's efforts to impeach the result of the state–administered test. *State v. Stannard, supra; State v. Canaday, supra.* Because evidence of intoxication dissipates rapidly over time, the DWI suspect must act promptly to procure an additional test. *State v. Fitzsimmons,* 93 Wn.2d 436,

445, 610 P.2d 893, 18 A.L.R.4th 690, *vacated,* 449 U.S. 997 (1980); *Tacoma v. Heater,* 67 Wn.2d 733, 739, 409 P.2d 867 (1966). Therefore, CrRLJ 3.1(f) permits a driver who is otherwise financially unable to obtain an additional test to obtain reimbursement of the cost of the test, in direct contradiction to the "at your own expense" language in the challenged warnings.

The State points out that a driver must decide whether to submit to a test before a court can determine that the driver is or is not indigent. Compare *State v. Staeheli,* 102 Wn.2d 305, 685 P.2d 591 (1984) (even if unable to contact attorney, driver must promptly decide whether to submit to test). Accordingly, no driver can be certain that he or she will ultimately be reimbursed for the cost of the second test. Because every test will initially be at the expense of the driver, whether indigent or not, the State argues that the "at your own expense" language accurately informs the driver of his or her rights.

We disagree with this argument. Whether the warning can be abstractly characterized as "accurate" is irrelevant. Informing an indigent driver that additional tests will definitely and finally be "at your own expense" is *less* accurate than saying nothing on that proposition. The inclusion of the words "at your own expense" interferes with the driver's "opportunity of exercising an intelligent judgment concerning whether to exercise the statutory right of refusal." *State v. Whitman Cy. Dist. Court,* 105 Wn.2d 278, 281, 714 P.2d 1183 (1986).

The State also argues that RCW 46.61.506(5) requires admission of the test results, even if the warnings misled the defendants. RCW 46.61.506(5) provides:

> The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer one or more tests in addition to any administered at the direction of a law enforcement officer. The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.

This section does not permit the State to admit the results of a test consented to on the basis of misleading warnings. Read in context, the second sentence of RCW 46.61.506(5) applies only when circumstances not under the State's control interfere with a driver's ability to obtain an additional test. *State v. Brayman,* 110 Wn.2d 183, 206, 751 P.2d 294 (1988). In contrast, when the State has interfered with a driver's opportunity to make an intelligent judgment whether to submit to a blood alcohol test, we have suppressed the test results. *State v. Whitman Cy. Dist. Court, supra; State v. Turpin,* 94 Wn.2d 820, 620 P.2d 990 (1980); *Blaine v. Suess,* 93 Wn.2d 722, 612 P.2d 789 (1980).

We hold that the addition of the words "at your own expense" to an otherwise proper informed consent warning prevents an indigent defendant from making a properly informed decision whether or not to submit to a blood alcohol content test. Those words should not be included as a part of the advice given a person arrested for DWI.

### III

While the addition of the words "at your own expense" may have misled drivers financially unable to obtain an additional test, these words accurately described the rights of drivers who could afford an additional test. The defendants assert we should suppress the test results of *all* defendants, indigent or not.

In *Spokane v. Holmberg,* 50 Wn. App. 317, 745 P.2d 49 (1987), the court suppressed the results of blood alcohol content tests administered after an incomplete warning, even though the defendants had not been actually prejudiced by the omission. The court reasoned that "[s]ociety is penalized when officers derogate from the mandates of the Legislature." 50 Wn. App. at 324. We decline to follow the *Holmberg* rule with respect to warnings administered prior to our opinion in this case. The implied consent statute clearly mandated the inclusion of the language omitted from the warning in *Holmberg.* The statute does not expressly mandate inclusion or omission of the words "at

your own expense." Moreover, we note that dicta in one of our previous cases may have appeared to approve the "at your own expense" language. *State v. Richardson,* 81 Wn.2d 111, 117, 499 P.2d 1264 (1972).

We remand each cause to permit the State to establish whether a defendant had the financial ability at the time of arrest to obtain an additional test. If the State can establish this, the results of that defendant's test should be admitted as the erroneous warning given that defendant would be "harmless beyond a reasonable doubt." *See Chapman v. California,* 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967). If this is not established, the results of the blood alcohol content tests must be suppressed.

Each case is remanded for further proceedings consistent with this opinion.

UTTER, BRACHTENBACH, DOLLIVER, DORE, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., concur.

Reconsideration denied October 11, 1989.