[No. 9224-1-III. Division Three. January 18, 1990.]

RICKI L. GRAHAM, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

*Frank V. Bartoletta* and *Sanger & Bartoletta,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Margaret A. Gaffney, Assistant,* for respondent.

THOMPSON, J.—Ricki L. Graham questions the propriety of the implied consent warning given her before she refused to submit to an alcohol breath test. Based on her refusal, the Department of Licensing revoked Ms. Graham's driver's license. We remand.

Ms. Graham was arrested by an officer of the Spokane Police Department on February 14, 1987. She was suspected of driving while under the influence of intoxicating liquor, and was read the following advice of rights:

> WARNING: You are under the [*sic*] arrest for: driving a motor vehicle while under the influence of intoxicating liquor. Further, you are now being asked to submit to a test of your breath which consists of two separate samples of your breath, taken independently, to determine alcohol content. You are now advised that you have the right to refuse this breath test; that if you refuse, your privilege to drive will be revoked or denied by the Department of Licensing; and that you have the right to additional tests administered by a qualified person of your own choosing and at your own expense and that your refusal to take the test may be used in a criminal trial.

Ms. Graham did not ask questions or ask to speak with a lawyer, but refused to submit to the test. Upon receipt of the officer's report of the refusal, the Department suspended Ms. Graham's driver's license for 1 year, as provided in RCW 46.20.308(6). Ms. Graham obtained de novo review, pursuant to RCW 46.20.334, in Spokane County Superior Court. The court sustained the revocation, and this appeal followed.[1]

The sole issue raised by Ms. Graham is whether she was properly warned of the consequences of her refusal and of

---

[1]The Department has withdrawn its cross appeal regarding the scope of the court's review of the content of the implied consent warning.

her right to additional tests. She argues first that she was improperly warned her refusal could be used in a criminal trial. Former RCW 46.61.517[2] provided:

> The refusal of a person to submit to a test of the alcoholic content of his blood under RCW 46.20.308 is admissible into evidence at a subsequent criminal trial.

Ms. Graham contends, however, that former RCW 46.61-.502(1)[3] defined the offense of driving while under the influence in terms of alcohol content of *breath*. She argues that a refusal to submit to a test of alcohol content in *blood* is irrelevant to the issue of *breath* alcohol content.

This argument fails to account for the reference in the statute to RCW 46.20.308. Former RCW 46.20.308[4] refers repeatedly to tests to determine alcohol content of "breath or blood", and to tests of "breath or blood". The implied consent warning required by RCW 46.20.308(2) refers to use in a criminal trial of refusal to take "the test", without limitation to either a breath or blood test. The obvious intent of the Legislature was to provide for admissibility of a person's refusal to submit to a test of breath or blood alcohol content.[5]

In view of the clear legislative intent, and the mandatory duty of an officer to give the warning regarding admissibility of refusal evidence, *see Spokane v. Holmberg,* 50 Wn. App. 317, 322, 745 P.2d 49 (1987), *review denied sub nom.*

---

[2] The statute was amended by Laws of 1987, ch. 373, § 5 to provide for admissibility of refusal to submit to a test of "blood or breath".

[3] The statute has been amended by Laws of 1987, ch. 373, § 2.

[4] The statute has been amended by Laws of 1989, ch. 337, § 8, and by Laws of 1987, ch. 22, § 1.

[5] The noted inconsistency apparently is the result of legislative inattention, not a desire to limit admissibility of refusal evidence. Before the recent round of amendments, RCW 46.61.502 defined driving while under the influence in terms of *blood* alcohol content, as measured by a chemical analysis of breath, blood, or other bodily substance. *See* Laws of 1979, 1st Ex. Sess., ch. 176, § 1. Ms. Graham admits recent amendments have clarified this issue, and that RCW 46.20.308, RCW 46.61.502, and RCW 46.61.517 now are consistent with each other and with the warning given in this case.

*Box v. Grant Cy. Dist. Court,* 110 Wn.2d 1013 (1988), the court did not err in concluding Ms. Graham was properly warned of the potential consequences of her refusal.

 Ms. Graham next contends she was improperly advised she was entitled to additional tests at her own expense. The phrase "at your own expense" is inaccurate and improper, *see State v. Bartels,* 112 Wn.2d 882, 889–90, 774 P.2d 1183 (1989), and "could, therefore, deny an indigent driver the opportunity to make a knowing and intelligent decision whether to take the Breathalyzer test." *Gonzales v. Department of Licensing,* 112 Wn.2d 890, 898–99, 774 P.2d 1187 (1989). However, a driver must demonstrate she was *actually prejudiced* by the inaccurate warning. *Gonzales,* at 901. The drivers in *Gonzales,* at 899, made no claim of indigency, and the court concluded:

> We hold that since the licensees in the two cases before us were not prejudiced by the statement that additional tests could be obtained "at your own expense", such language in their implied consent warnings does not serve as grounds for invalidating the revocation of their driver's licenses.

*Gonzales,* at 902. In this case, Ms. Graham has argued the improper language created a "chilling effect" on her decision whether to take the breath test. Unlike the drivers in *Gonzales,* who made no claim of indigency, Ms. Graham argued the inaccurate warnings actually prejudiced her decision.

The question of actual prejudice is a factual one. We therefore remand the case for this determination.

We offer the following observations as guidance to the court on remand. The question to be addressed is whether Ms. Graham was *actually prejudiced* by inclusion of the "at your own expense" language. This language is inaccurate because "[u]nder our court rules, an indigent driver may in the appropriate case obtain reimbursement for the costs of an additional test." *Gonzales,* at 898. CrRLJ 3.1(f) provides:

> (1) A lawyer for a defendant who is financially unable to obtain investigative, expert, or other services necessary to an

adequate defense in the case may request them by a motion to the court.

(2) Upon finding that the services are necessary and that the defendant is financially unable to obtain them, the court, or a person or agency to whom the administration of the program may have been delegated by local court rule, shall authorize the lawyer to obtain the services on behalf of the defendant. The court, in the interest of justice and on a finding that timely procurement of necessary services could not await prior authorization, shall ratify such services after they have been obtained.

(3) Reasonable compensation for the services shall be determined and payment directed to the organization or person who rendered them upon the filing of a claim for compensation supported by affidavit specifying the time expended and the services and expenses incurred on behalf of the defendant, and the compensation received in the same case or for the same services from any other source.

To obtain reversal on remand, therefore, Ms. Graham must demonstrate that she would have been eligible, at the time she made her decision to refuse the breath test, for public payment for services under CrRLJ 3.1(f).

We remand this case to the superior court for further action consistent with this opinion.

GREEN, A.C.J., and FARIS, J. Pro Tem., concur.