[No. 25088-4-I.  Division One.  December 3, 1990.]

GEORGE F. GAHAGAN, *Respondent,* v. THE DEPARTMENT OF LICENSING, *Appellant.*

---

*Kenneth O. Eikenberry, Attorney General,* and *Loretta M. Lamb, Assistant,* for appellant.

*David K. Chapman,* for respondent.

WINSOR, J.—The Department of Licensing for the State of Washington (Department) appeals the trial court's decision reversing a hearing officer's determination that George Gahagan's driver's license was properly revoked by the Department. The issues are whether the trial court committed reversible error by placing the burden of proof on the Department to show that the arrested person suffered actual prejudice by inclusion of the words "at your own

expense" in the implied consent warnings and whether an arrested person must make a claim of indigency at the time of arrest in order to show actual prejudice. We affirm the trial court's decision.

On October 2, 1987, a Bellevue police officer stopped Gahagan for erratic driving. Upon walking up to Gahagan's car window, the officer smelled alcohol emanating from the vehicle. The officer also noticed Gahagan's eyes were watery and his speech was thick tongued.

The officer performed a field sobriety test, which Gahagan failed. The officer then placed Gahagan under arrest for driving while intoxicated (DWI). At the police station, Gahagan requested an attorney. The officer attempted to contact four public defenders, none of whom answered the telephone. Gahagan stated that he had his own attorney, but since the attorney charged $125 per hour, he didn't want to call him.

The officer then advised him of the implied consent warnings and the right to refusal, stating:

> You are now under arrest for driving while under the influence of intoxicants/drugs.
> You are now being asked to submit to a test of your breath which consists of two separate samples of your breath, taken independently to determine the alcohol content.
> According to the law I must advise you that you have the right to refuse to submit to the breath test. If you refuse, your privilege to drive will be revoked or denied by the Department of Licensing, and your refusal to take the test may be used in a criminal trial.
> You further have the right to take one or more tests administered by a physician, or a qualified technician, chemist, registered nurse, or other qualified person of your choosing and at your own expense.

When the officer offered the test to Gahagan, he refused it. Gahagan did not ask any questions about additional tests.

The Department revoked Gahagan's driver's license for 1 year under the implied consent statute, RCW 46.20.308. Gahagan appealed to a hearing examiner for the Department, who affirmed the Department's decision. Gahagan appealed the hearing examiner's decision to superior court.

The matter proceeded to a bench trial. The arresting officer and Gahagan testified. The officer testified to the facts of the arrest, as set out above. Gahagan's testimony concerned the events surrounding the arrest, and his financial status at the time of the arrest. Gahagan testified that at the time of the stop, "I had no income at all. I was a welfare applicant at the time awaiting my L&I, which I was never sure was ever going to start."

The Superior Court reversed the Department's decision, and dismissed the Department's action to revoke Gahagan's driving privilege. From this decision, the Department appeals.

I

BURDEN OF PROOF IN A CIVIL LICENSE
REVOCATION PROCEEDING

In *State v. Bartels,* 112 Wn.2d 882, 889, 774 P.2d 1183 (1989), the Supreme Court held that the addition of the words "at your own expense" to the implied consent warning given to DWI suspects prevents an indigent person from making a properly informed decision of whether or not to submit to a blood alcohol content test. The warning is inaccurate, as to indigent drivers, because "an indigent driver may in the appropriate case obtain reimbursement for the costs of an additional test." *Gonzales v. Department of Licensing,* 112 Wn.2d 890, 898, 774 P.2d 1187 (1989); *see* CrRLJ 3.1(f).

*Gonzales* explored the contours of the *Bartels* holding in the context of a civil license revocation proceeding. The court adopted a rule requiring a showing that the licensee be actually prejudiced by the warning, *i.e.,* a showing of indigency. 112 Wn.2d at 901–02. Since the licensees in *Gonzales* never claimed indigency, the court held that they were not actually prejudiced by the statement that additional tests could be obtained "at your own expense". 112 Wn.2d at 899–902.

In *Graham v. Department of Licensing,* 56 Wn. App. 677, 784 P.2d 1295 (1990), the court took the *Gonzales* analysis a step further. There the licensee argued that the

improper language created a "chilling effect" on her decision whether to take the breath test. The court found that the question of actual prejudice was a factual one, and remanded to the trial court for determination. The court then stated: "To obtain reversal on remand, therefore, Ms. Graham must demonstrate that she would have been eligible, at the time she made her decision to refuse the breath test, for public payment for services under CrRLJ 3.1(f)." 56 Wn. App. at 681. Thus, the court placed the burden of proof on the licensee.

The trial court in this case concluded

[t]hat the State bears the burden of demonstrating by a preponderance of the evidence that an indigent person was not prejudiced by the erroneous language that he had a right to additional tests at his own expense.

Under *Graham*, the trial court erred in placing the burden of proof on the Department.[1]

■ The error is harmless, however. Finding of fact 5, unchallenged by the Department, states:

the petitioner was unemployed and indigent at the time of his arrest. Those facts were not communicated to the arresting officer.

The Department concedes that this finding, supported by substantial evidence adduced at trial, will not be overturned on appeal. *See McCarthy v. Department of Licensing*, 44 Wn. App. 848, 850, 723 P.2d 34 (1986).[2]

---

[1]The court erroneously relied on *Bartels* to find that the burden was on the State to establish there was no prejudice. While the burden is properly upon the State in a criminal proceeding, *Bartels*, 112 Wn.2d at 890, in a civil licensing proceeding, the burden is on the licensee to show he or she was actually prejudiced by the erroneous warning. *See Graham*, 56 Wn. App. at 681.

[2]While the Department does not challenge this finding of fact, it does challenge the trial court's conclusion *as a matter of law* that Gahagan was indigent. The Department states that "[w]here there is conflicting evidence, neither the trial court nor an appellate court can decide the issue as a matter of law. *Davenport v. Taylor*, 50 Wn.2d 370, 378, 311 P.2d 990 (1957)."

The Department's citation to *Davenport* is inapposite. *Davenport* dealt with the standard for reviewing a directed verdict or a motion for judgment n.o.v. By contrast, this proceeding involved a trial on the merits. Appellate review is limited to whether the trial court's findings are supported by substantial evidence and, if

■ As mentioned above, all *Graham* requires to prove actual prejudice is a showing that the licensee would have been eligible, at the time of his or her decision to refuse the breath test, for public payment for services under CrRLJ 3.1(f).[3] Under CrRLJ 3.1(f), there are three conditions a defendant must meet in order to obtain reimbursement for an additional test:

> (1) the test must be shown to have been necessary to an adequate defense; (2) the defendant must show that he or she was financially unable to obtain the test; and (3) the court must make a finding that the defendant was unable to secure court authorization prior to timely obtaining the test.

*Bartels*, 112 Wn.2d at 887. All DWI suspects meet the first and third criteria. *Bartels*, 112 Wn.2d at 887. Therefore, the showing required under CrRLJ 3.1(f) is financial inability to obtain the test. *See Bartels*, 112 Wn.2d at 888; *Graham*, 56 Wn. App. at 680–81. In this case, the trial court finding of indigency at the time of Gahagan's breath test satisfies the second criteria.

## II

### STANDARD FOR PROVING ACTUAL PREJUDICE

In its opening brief, the Department argues that in order to prove actual prejudice,

---

so, whether the findings in turn support the conclusions of law. *Willener v. Sweeting*, 107 Wn.2d 388, 730 P.2d 45 (1986).

The trial court erred in concluding as a matter of law that Gahagan was indigent, as that matter is a factual determination. However, a finding of fact erroneously described as a conclusion of law will be reviewed as a finding of fact. *Willener*, 107 Wn.2d at 394. Since the Department concedes the validity of the statement as a finding of fact, there is no issue.

[3]CrRLJ 3.1(f) states in part:

"(1) A lawyer for a defendant who is financially unable to obtain investigative, expert, or other services necessary to an adequate defense in the case may request them by a motion to the court.

"(2) Upon finding that the services are necessary and that the defendant is financially unable to obtain them, the court, or a person or agency to whom the administration of the program may have been delegated by local court rule, shall authorize the lawyer to obtain the services on behalf of the defendant. The court, in the interest of justice and on a finding that timely procurement of necessary services could not await prior authorization, shall ratify such services after they have been obtained."

the driver must actually be indigent *and* must show that he [or she] refused the test because he [or she]: (1) distrusted the test given, (2) wanted an additional test and, (3) believed he would ultimately have to pay for the test. *Gonzales, supra; Strand v. Dep't of Motor Vehicles*, 8 Wn. App. 877, 509 P.2d 999 (1973). The driver also must prove that these reasons were communicated to the arresting officer specifically in relation to the "at your own expense" language and that the officer did not clarify the driver's rights to reimbursement. *Gonzales, supra; Strand, supra.*

*Strand v. Department of Motor Vehicles*, 8 Wn. App. 877, 509 P.2d 999 (1973), cited by the Department, deals with confusion as to the meaning of the warnings as a defense in a license revocation proceeding. The *Strand* court held that the driver must objectively and unequivocally manifest that he or she did not understand his or her rights and the warning concerning the consequences of refusal, and was denied clarification by the arresting officer. The court stated that "[a] lack of understanding not made apparent to the officer is of no consequence." 8 Wn. App. at 878.

The Department argues that the reasoning in *Strand* should apply to questions of indigency. The confusion analysis, however, does not address the problem raised by the Supreme Court in the *Gonzales* and *Bartels* decisions. The problem is not confusion, but misinformation. The "at your own expense" language is inaccurate as applied to indigent drivers. Thus, an indigent driver may not be confused by the officer's warning, but misled into thinking that he or she must absorb the cost of the second test. *See Gonzales*, 112 Wn.2d at 898–99.

*Gonzales*, also cited by the Department, does not support its argument. The Department's cite undoubtedly refers to a reference in *Gonzales* to *Wimmer v. Motor Vehicles Div.*, 75 Or. App. 287, 706 P.2d 182, *review denied*, 300 Or. 367, 712 P.2d 109 (1985). In that case, the driver refused to submit to the State's breath test and his license was suspended. Prior to his refusal, the driver had been informed that he had the right to a second test only if he registered a .08 percent or greater reading on the State's machine. The

Oregon court found that this information was inaccurate because, under the Oregon implied consent statute, a driver has a right to a second test regardless of the results of the State's test. The Oregon court concluded, however, that the driver was not prejudiced by the inaccuracy, because there was no evidence that the advice influenced his decision not to take the test. *See Gonzales,* 112 Wn.2d at 901–02.

The Department apparently argues that similar to *Wimmer,* there is no evidence that Gahagan wanted to take an additional test or that he did not take it because he could not afford it. Therefore, under the Department's analysis, no actual prejudice is demonstrated. The Department contends that this standard is necessary to prevent licensees from fabricating the defense after the fact.

The *Gonzales* court used the *Wimmer* case simply to demonstrate that the actual prejudice standard was appropriate in license revocation proceedings. The inaccuracy of the warning in *Wimmer* was not related to indigency, as it was in *Gonzales.* It does not appear to us that the *Gonzales* court intended to adopt the language of *Wimmer* as the standard for actual prejudice. *See Gonzales,* 112 Wn.2d at 899–902.

The court in *Graham* and in *Gonzales* found that indigency demonstrated actual prejudice. *See Gonzales,* 112 Wn.2d at 899–902; *Graham,* 56 Wn. App. at 680–81. The Department's standard for actual prejudice requires much more—proof of actual communication of the licensee's desire for an additional test. That clearly was not required in *Graham.* There the licensee asked no questions and did not ask to speak to a lawyer before refusing to submit to the breath test. 56 Wn. App. at 678. In short, the Department's argument for a higher standard is not supported by precedent.

The trial court's decision is affirmed.

GROSSE, A.C.J., and WEBSTER, J., concur.