[No. 10578-4-III.  Division Three.  June 6, 1991.]

KENNETH E. COOPER, *Appellant*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

*Raymond G. Alexander* and *Hart & Winfree,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Kevin M. Hartze, Assistant,* for respondent.

THOMPSON, J.—Kenneth E. Cooper appeals the judgment of the Superior Court sustaining the decision of the Department of Licensing to revoke his driver's license. We reverse.

The parties have submitted an agreed report of proceedings, which states:

> On January 22, 1989, in Benton County, Washington, Kenneth E. Cooper was arrested by Trooper Gary Hughes of the Washington State Patrol. At the time of Mr. Cooper's arrest, Trooper Hughes had reasonable grounds to believe that Mr.

Cooper had been driving a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor.

After Mr. Cooper was arrested and taken into custody, Trooper Hughes advised him of the rights and warnings under RCW 46.20.308, and further informed Mr. Cooper that if he refused to take a breath test, his driver's license would be revoked *"probably for at least a year, depending upon his driving record, maybe two."* After having been so informed, Mr. Cooper refused to submit to a breath test.

(Italics ours.) In Washington, if a driver refuses to take a breath test after proper warning, it is an absolute certainty that he will lose his license for a minimum of 1 year. RCW 46.20.311(2)(d).

Under RCW 46.20.308(2), the implied consent law, an arresting officer

shall inform the person of his or her right to refuse the breath or blood test, and of his or her right to have additional tests administered by any qualified person of his or her choosing as provided in RCW 46.61.506. The officer shall warn the driver that (a) his or her privilege to drive *will be revoked or denied* if he or she refuses to submit to the test, and (b) that his or her refusal to take the test may be used in a criminal trial.

(Italics ours.) Advice of the *duration* of the license revocation is not required by the statute.

In *Gonzales v. Department of Licensing,* 112 Wn.2d 890, 896, 774 P.2d 1187 (1989), the implied consent warnings read to the licensees included the statement that they could obtain additional tests at their own expense. RCW 46.20-.308(2) is silent regarding who will pay for additional tests. As in the instant case, the warnings given in *Gonzales* were complete in the sense they omitted none of the warnings mandated by the statute. However, the warnings were not entirely accurate because, under Washington court rules, "an indigent driver may in the appropriate case obtain reimbursement for the costs of an additional test." *Gonzales,* at 898 (citing *State v. Bartels,* 112 Wn.2d 882, 774 P.2d 1183 (1989)).

The relevant inquiry in these cases is "whether the warnings given afforded the licensee[] the opportunity to make a knowing and intelligent decision whether to take

the Breathalyzer test." *Gonzales,* at 897 (citing *State v. Whitman Cy. Dist. Court,* 105 Wn.2d 278, 282, 714 P.2d 1183 (1986)). In *Gonzales,* the court held the licensees' ability to make a knowing and intelligent decision was not prejudiced by the inaccurate warning because neither made any claim of indigency. *Gonzales,* at 899.

The warning here also was inaccurate because it implied that Mr. Cooper might have his license revoked for less than 1 year. The Department's contention otherwise is not persuasive. Even when viewed in context, Trooper Hughes' statement that if Mr. Cooper refused to take the test, his license would be revoked "probably for at least a year", implies that a possibility exists that Mr. Cooper's license might be revoked for less than 1 year.

In light of the inaccuracy, the question then is whether Mr. Cooper was prejudiced by the advice. Prejudice is determined by considering whether the inaccurate information may have encouraged Mr. Cooper *not* to take the Breathalyzer. *See Graham v. Department of Licensing,* 56 Wn. App. 677, 680, 784 P.2d 1295 (1990). If Mr. Cooper thought it was possible his license would be revoked for less than 1 year, he might have been more willing to risk revocation by refusing the Breathalyzer. We conclude the information was misleading and prevented Mr. Cooper from making a knowing and intelligent decision.

The Department's reliance on cases which hold that the burden is on the driver to exhibit a lack of understanding of the warnings and to request a clarification is misplaced. In both *Department of Licensing v. Sheeks,* 47 Wn. App. 65, 68, 734 P.2d 24, *review denied,* 108 Wn.2d 1021 (1987) and *Strand v. Department of Motor Vehicles,* 8 Wn. App. 877, 882, 509 P.2d 999 (1973), the issue was whether the licensee understood an officer's *correct* statement of the warnings. Here, the issue is whether the officer's statement was incorrect and, if it was, whether that statement prejudiced Mr. Cooper. *See Gahagan v. Department of Licensing,* 59 Wn. App. 703, 709, 800 P.2d 844 (1990).

Finally, we note that policy considerations demand a bright line rule in this area. If law enforcement officers know the courts will hold them to a strict standard of accuracy, then they are more likely to phrase their advice in the language of the statute. The courts, in turn, will not be required to interpret ambiguous language such as that used here, and defendants will not be subject to the risk of varying interpretations.

Reversed.

GREEN, C.J., concurs.

MUNSON, J. (dissenting)—Mr. Cooper does not contend Trooper Hughes failed to give the proper statutory warning under RCW 46.20.308(2). The contention is that in the conversation subsequent to the warnings, Trooper Hughes told him that he would lose his license "probably for at least a year, depending upon his driving record, maybe two".

RCW 46.20.311(2) provides in part:

> (c) . . . the expiration of two years for persons convicted of vehicular homicide; (d) . . . the expiration of one year in cases of revocation for the first refusal within five years . . . (e) . . . the expiration of two years in cases of revocation for the second refusal within five years to submit to a chemical test under RCW 46.20.308; . . .

Mr. Cooper contends the "probably for at least a year" was misleading in that it could have meant less than 1 year. There is no statement in the stipulation what Mr. Cooper actually thought.

It is the word "probably" which precipitates the issue in this case. Probable is defined as "that reasonably and fairly convincingly establishes something as true, factual, or possible but not with absolute conclusiveness". *Webster's Third New International Dictionary* 1806 (1986).

To me, the "probably" in Trooper Hughes' statement relates to the 2 years since there was a possibility that, depending upon Mr. Cooper's driving record, he could have lost his license for 2 years. RCW 46.20.311(2)(c) and (e). Thus, I understand Trooper Hughes' conversation to mean

that Mr. Cooper would lose his license for 1 year and, depending upon his record, possibly 2.

I would affirm.