Argued and submitted March 28, reversed and remanded with instructions
May 24, 1995

In the Matter of the Suspension of
the Driving Privileges of

James E. LAWRIE,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(9311-07261; CA A84141)

895 P2d 790

Kaye E. Sunderland, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Jenny Cooke argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

The Motor Vehicles Division (MVD) appeals a circuit court judgment that vacated an MVD order that suspended petitioner's driving privileges. The issue is whether evidence of a police officer's failure to afford petitioner an opportunity to seek an independent blood test is relevant in his license suspension hearing. The circuit court held that it was, and vacated the suspension order. We reverse.

The facts are not in dispute: Petitioner was arrested for driving under the influence of intoxicants. After taking petitioner to the police station, the officer advised petitioner of the rights and consequences that appear on the back of the MVD implied consent form for administration of a breath test.[1] The officer asked petitioner if he would take a breath test, and petitioner agreed. The test was properly administered and produced a reading of .08 percent blood alcohol content. Although the officer advised petitioner of his right to seek an independent blood test pursuant to ORS 813.130-(2)(f), because of delays in booking, petitioner was unable to obtain such a test. The state does not dispute that the booking delay denied petitioner a reasonable opportunity to obtain the test.

MVD concluded that denial of a reasonable opportunity to obtain an independent blood test was not grounds to deny suspension of petitioner's license. The hearings officer determined that all of the elements necessary to suspend petitioner's driving privileges had been met, and ordered his license suspended.

Petitioner appealed that decision to the circuit court and argued that, because he was denied the opportunity to obtain an independent blood test, the results of the Intox-ilyzer test could not be used as the basis for his license suspension. Thus, according to petitioner, the suspension order should be vacated. The circuit court agreed with petitioner and held that, because petitioner was denied the opportunity to obtain an independent test, "the hearings officer was deprived of highly relevant evidence on whether or not

---

[1] The rights and consequences that are to be communicated by an officer before administering a breath test are found in ORS 813.130.

the given test result was, in fact, accurate." The court vacated the suspension order.

On appeal, MVD argues that the scope of relevant evidence in a suspension hearing is limited to evidence bearing on the requirements listed in ORS 813.410(5) for suspension of a license. Given the listed requirements, MVD argues that failure to give petitioner an opportunity to seek an independent blood alcohol test is not relevant. Hence, the suspension order should be reinstated. The issue, then, is whether evidence of the officer's failure to provide petitioner with a reasonable opportunity to seek an independent blood test is admissible in an MVD license suspension hearing.

ORS 813.410(5) provides, in part:

"(5)   The scope of a hearing under this section *shall be limited to whether the suspension is valid as described in this subsection.* A suspension under this section is valid if all of the following requirements have been met:

"(a)   The person, at the time the person was requested to submit to a test under ORS 813.100, was under arrest for driving while under the influence of intoxicants in violation of ORS 813.010 or a municipal ordinance.

"(b)   The police had reasonable grounds to believe, at the time the request was made, that the person arrested had been driving under the influence of intoxicants in violation of ORS 813.010 or of a municipal ordinance.

"(c)   The person refused a test under ORS 813.100, or took a breath test and the test disclosed that the level of alcohol in the person's blood at the time of the test was:

"(A)   .08 percent or more by weight if the person was not driving a commercial motor vehicle;

"* * * * *

"(e)   The person had been informed under ORS 813.100 of rights and consequences as described under ORS 813.130.

"(f)   The person was given written notice required under ORS 813.100.

"(g)   If the person arrested submitted to a test under ORS 813.100, the person administering the test was qualified to administer the test under ORS 813.160.

"(h)   If the person arrested submitted to a test under ORS 813.100, the methods, procedures and equipment used

in the test complied with requirements under ORS 813.160." (Emphasis supplied.)

In *Owens v. MVD*, 319 Or 259, 271-72, 875 P2d 463 (1994), the Supreme Court held that

"evidence impeaching the test result of a chemical breath test that is administered to determine the blood alcohol content of a person who has been arrested for DUII, other than that evidence permitted under ORS 813.410(5)(g) and (h), is not relevant to any issue that is within the permissible scope of a license suspension hearing as set forth in ORS 813.410(5)."

Petitioner does not dispute that the requirements of ORS 813.410(5)(g) and (h) were met.

Based on the holding in *Owens*, we conclude that the results of an independent blood test, which petitioner wanted to introduce to impeach the accuracy of the Intoxilyzer result, would not have been admissible in his suspension hearing. Hence, the failure to give petitioner the opportunity to obtain such a test has no bearing on whether his license should be suspended. Petitioner does not contend that any of the enumerated requirements of ORS 813.410(5) was not met. Consequently, the circuit court erred in vacating the suspension order.

Reversed and remanded with instructions to reinstate MVD's order of suspension. *Wimmer v. MVD*, 75 Or App 287, 706 P2d 182, *rev den* 300 Or 367 (1985).