[No. 2509-1.  Division One.  June 2, 1975.]

EUGENE B. WELCH, *Appellant*, v. THE DEPARTMENT OF MOTOR VEHICLES, *Respondent.*

*Johnston, Woody & Neal, Inc., P.S.,* and *Levy S. Johnston,* for appellant.

*Slade Gorton, Attorney General,* and *James R. Silva, Assistant,* for respondent.

FARRIS, J.—The facts are undisputed. On June 12, 1969, Eugene B. Welch was arrested and charged with driving while under the influence of intoxicating liquor. At that time, the arresting officer sought to administer a chemical analysis of Welch's breath to determine his blood alcohol content pursuant to RCW 46.20.308. Welch refused to take the test after being advised that he had a right to refuse, but in the event of refusal, he "could" lose his license. He was also advised that he had a right to have additional tests administered by any qualified person of his choosing.

Welch's license was revoked for 6 months by the Depart-

ment of Motor Vehicles. He appealed the revocation in turn to the Department of Motor Vehicles, the Superior Court and eventually to this court.

The sole issue on appeal is the sufficiency of the statutorily required warning concerning the penalty to be imposed for refusing to submit to the breathalyzer test. We determine the warning was insufficient and reverse.

The certainty of a 6-month license revocation, after a proper warning and upon refusal, is absolute. RCW 46.20.308(3). The word "could," however, "merely expresses 'a contingency that may be possible' and nothing more." *United States Cas. Co. v. Kelly,* 78 Ga. App. 112, 116, 50 S.E.2d 238 (1948); *see also Webster's Third New International Dictionary* (1969). Its use in advising Welch informed him of the "possibility" of license revocation when, in reality, revocation is a certainty.

The "obvious purpose" of the statutory warning "is to provide [the operator] the opportunity of exercising an intelligent judgment . . ." *Department of Motor Vehicles v. McElwain,* 80 Wn.2d 624, 628, 496 P.2d 963 (1972); *Hering v. Department of Motor Vehicles,* 13 Wn. App. 190, 534 P.2d 143 (1975); *Strand v. Department of Motor Vehicles,* 8 Wn. App. 877, 509 P.2d 999 (1973); *Junkley v. Department of Motor Vehicles,* 7 Wn. App. 827, 503 P.2d 752 (1972). The warning here did not provide Welch with the opportunity to exercise the intelligent judgment which the mandatory language of the statute requires.

We do not concern ourselves with whether he had voluntarily rendered himself incapable of taking advantage of that opportunity. *See Hering v. Department of Motor Vehicles, supra.* To consider that question would in some instances justify the failure to give any warning at all. Our holding is that the opportunity to exercise intelligent judgment requires that the operator be advised of the mandatory effect of a refusal to be tested.

Reversed.

SWANSON and ANDERSEN, JJ., concur.