[No. 2253-2.    Division Two.    December 29, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID C. PARKER, JR., *Appellant*.

*Denton P. Andrews* and *Andrews & Markovich*, for appellant.

*John C. Merkel, Prosecuting Attorney*, and *Richard L. Peterson, Deputy*, for respondent.

PEARSON, J.—Defendant appeals his conviction by a Kitsap County jury of driving while intoxicated. The appeal raises one question of first impression. Was defendant's refusal to take a Breathalyzer test admissible on the issue of his guilt?

Over objection, the State was allowed to introduce evidence that defendant refused the Breathalyzer test shortly after his arrest. Later the jury was instructed that it could consider his refusal in determining guilt or innocence,[1] and

[1]Instruction 11 provided: "If you find that the defendant was offered and refused a breathalyzer test after he had been made aware of the nature of such test and its purpose, such refusal is not sufficient, standing alone, to establish the guilt of the defendant, but it is a fact which, if proved, may be considered by you in light of all other proved facts in deciding whether defendant is guilty or not guilty."

the State was permitted to argue the refusal as an admission of guilt. We think these rulings were erroneous and order a new trial.

The problem is primarily one of statutory construction. Prior to the passage of the "implied consent" initiative (now codified as RCW 46.20.308) in 1968, the evidentiary status of blood, urine, or breath tests was specifically controlled by statute. RCW 46.61.505 had two pertinent provisions:

> (3) . . . Nothing herein contained shall be construed as requiring any person to submit to a chemical analysis of his blood, and the refusal to submit to such an analysis shall not be admissible in evidence in any criminal prosecution for a violation of the provisions of this section or in any civil action.
> (4) Evidence of the chemical analysis or scientific breath test of any kind of such person's blood shall not be admissible unless such person shall have been advised by the person giving the test before giving the test that such person has the constitutional right not to submit to such test. Evidence taken in violation of this chapter shall not be admitted in evidence in any criminal or civil proceeding.

(Enacted Laws of 1965, 1st Ex. Sess., ch. 155, § 60, p. 2311.)

It is not clear why subsection (3) of RCW 46.61.505 singled out the refusal to submit to blood tests as subject to a specific prohibition against admissibility, when subsection (4) appears to grant constitutional status to the right to refuse all three types of tests. Presumably, a statutory or constitutional right to refuse blood, urine, or breath tests was deemed sufficient to prohibit use of the refusal as evidence. In any event, this ambiguity in the statute relating to refusal to take a chemical breath test was not authoritatively construed by the Supreme Court prior to the repeal of this statute in 1969 by Initiative 242, Laws of 1969, ch. 1, § 5, p. 6. However, in the successor statute, RCW 46.61.506, which was adopted in 1969 to implement Initiative 242, all reference to the right to refuse chemical testing or the evidentiary consequences of such refusal was omitted.

Since the repeal of RCW 46.61.505 and the enactment of RCW 46.61.506 were both occasioned by the passage of Initiative 242 and to further its purposes, we think the provision of that initiative should control the question at issue. This is particularly true where the prior law is unclear or silent on the evidentiary consequences of a refusal to submit to chemical breath testing.

Initially we note that most states that have confronted this question look to the language in and the purposes of their implied consent statutes. *See generally* 87 A.L.R.2d 370 (1963). Since the provisions in these statutes vary widely[2] we primarily rely upon the language of RCW 46.20.308 and our local decisions which have construed various of its provisions.

First, under subsection (1) of RCW 46.20.308 the driving privilege in Washington carries with it an implied consent of the driver to submit to a chemical breath test. However, there is a statutory right to withdraw the consent by refusing to take the test. *State v. Krieg*, 7 Wn. App. 20, 497 P.2d 621 (1972).

Second, if the test is refused it may not be compelled, but where the defendant is properly informed of his right to refuse the test and that refusal will result in revocation or denial of the privilege to drive, then the stated consequence attaches. RCW 46.20.308(3).

Third, the statute as authoritatively construed establishes that before a defendant's privilege to drive may be revoked for refusing the chemical breath test, it must appear that the arresting officer not only informed him of his right to refuse the test, but also that his refusal would result in a loss of the privilege to drive. The purpose of requiring the statutory warnings as a condition precedent to revocation is to provide defendant with the opportunity to exercise an intelligent judgment. *Welch v. Department of Motor Vehicles*, 13 Wn. App. 591, 536 P.2d 172 (1975).

---

[2] For example, some states have construed the implied consent statutes as not granting a right to refuse the test. *Bush v. Bright*, 264 Cal. App. 2d 788, 71 Cal. Rptr. 123 (1968).

. . It is evident from these general principles that whichever choice defendant makes, the purpose of the implied consent law to remove an intoxicated driver from the highway will be advanced. For if he consents to the test, scientific and probative evidence is available with which to establish his guilt. But if he refuses with informed knowledge of the consequence, his license to drive will be revoked.

However, use of his exercise of this statutory right as some sort of admission of guilt of the criminal offense is basically inconsistent with the type of informed choice contemplated by the statute. Furthermore, it would be unfair to have the defendant believe that his right to refuse the test would have one consequence and then to allow the State to assert an additional consequence.

In other words, had the statute intended evidentiary use of the right of refusal, it is logical that the arresting officer would be required to inform him that his refusal could be used as evidence in a criminal proceeding as well as the consequential loss of the privilege to drive. Since the statute does not require such warning, we conclude that the legislation did not contemplate the additional consequence.

The State urges us to determine as some states have done that refusal to take the breath test is probative on the issue of guilt and consequently admissible. We have examined the authorities cited by the State in support of this contention. We find that those cases which have allowed admission of the refusal to take the chemical test have done so on the grounds that their particular statutes do not specifically grant an accused the right to refuse—but rather establish a prohibition against compulsory testing. *Bush v. Bright*, 264 Cal. App. 2d 788, 71 Cal. Rptr. 123 (1968); *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971). These jurisdictions find probative value in the inference that a refusal to take the test indicates "defendant's fear of the test and his consciousness of guilt." *Westerville v. Cunningham*, 15 Ohio St. 2d 121, 239 N.E.2d 40 (1968).

Other jurisdictions disallow the testimony on the grounds either that the particular statute establishes a right to re-

fuse the test, *State v. Severson*, 75 N.W.2d 316 (N.D. 1956); *Duckworth v. State*, 309 P.2d 1103 (Okla. Crim. 1957); or that there is no probative value in the testimony. The rationale of the former is that the statutory right to refuse the test is nullified by allowing the refusal in evidence. A few jurisdictions find the evidence violative of an accused's privilege against incrimination. *See generally* 87 A.L.R.2d 370 (1963).

■ We have grave doubts of the probative value of refusal evidence where defendant is exercising a right granted by statute. Inasmuch as there is such a statutory right of refusal, we hold that the State may not use such evidence in a criminal proceeding as establishing an inference of guilt.

The State also urges that there was sufficient evidence aside from evidence of his refusal to take the chemical breath test with which to sustain the conviction. We are urged to hold that admission of that evidence was nonprejudicial. However, we cannot say that the jury was not significantly influenced by defendant's refusal to take the test, especially where it was emphasized by a specific instruction. Not only did defendant produce testimony of independent witnesses who testified as to his sobriety shortly before the arrest, it was also undisputed that the arresting officer used chemical mace on defendant, which the jury might believe accounted for many of the symptoms of intoxication as testified to by the State's witnesses.

Reversed and remanded for a new trial.

PETRIE, C.J., and REED, J., concur.

Petition for rehearing denied January 24, 1977.

Review denied by Supreme Court May 25, 1977.