**Harry FLUHARTY and Helen Fluharty, Appellees,**

v.

**SPEEDY WRECKER SERVICE, INC., Appellant.**

**No. 65789.**

Court of Appeals of Oklahoma, Division No. 1.

Nov. 10, 1987.

As Amended Dec. 17, 1987.

Order Dec. 17, 1987.

Denver N. Davison, and Patricia A. Allford, Legal Intern, Ada, for appellant.

Charles M. Laster, and J. David Cawthon, Legal Intern, Shawnee, for appellees.

GARRETT, Judge:

Plaintiffs, Harry and Helen Fluharty, sued Defendant, Speedy Wrecker Service, to recover for damages caused to their motor home while being towed by Defendant. Defendant made an offer to allow judgment for $500 to be taken against it. Within five days (12 O.S. 1981 § 940(B)) Plaintiffs accepted the offer, and Judgment was rendered for them for $500, the amount offered by Defendant. Plaintiffs then filed a motion to tax attorney's fees against Defendant. The trial court granted the motion and assessed attorney's fees against Defendant. Defendant appeals.

12 O.S. 1981 § 940 is the controlling statute.[1] Defendant contends that the trial court's award of attorney fees to Plaintiffs was in violation of the following portion of § 940(B):

> If the judgment rendered is for the plaintiff, and is for the same amount as the defendant's offer, then the plaintiff and defendant shall incur their own attorney's fees, court costs and interest.

■ Taken out of context, this portion of the statute seems to support the contention that the award of attorney fees was error. However, in construing a statute, the meaning thereof is to be determined through a reading of the statute as a whole, not from any single part. *Taylor v. State,* 377 P.2d 508 (Okl.Cr.1962).

When § 940(B) is considered in its entirety, it follows a logical progression. The first part of § 940(B) sets forth that the Defendant may offer to allow a judgment to be taken against him. The statute provides a time limit within which the Plaintiff may accept the Defendant's offer. It is then noted that upon offer and acceptance, judgment shall be rendered accordingly. Next, it provides that if the offer is not accepted within the specified time, it is deemed to be withdrawn and shall not be mentioned at the trial. The last portion of § 940(B) speaks to the consequences of the possible judgments upon adjudication after trial in terms of attorney's fees, costs and interest, (i.e., where there is a defendant's verdict or Plaintiff is granted a judgment of less, more, or the same amount as the Defendant offered.) In construing § 940, we must bear in mind that the basic provisions thereof are contained in § 940(A), and, that § 940(B) sets forth specific directions to be followed as to attorney's fees, costs and interest in cases where the offer is made and not accepted.

The portion of § 940(B) cited by Defendant is applicable only in instances where Defendant offers to confess judgment, Plaintiff does not accept the offer, and then after adjudication at trial, Plaintiff is

---

1. Quoted in full, 12 O.S. 1981 § 940 is as follows:

**§ 940. Negligent or willful injury to property —Attorney's fees and costs—Offer and acceptance of judgment**

A. In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

B. Provided that, the defendant in such action may, not less than ten (10) days after being served with summons, serve upon the plaintiff or his attorney a written offer to allow judgment to be taken against him. If the plaintiff accepts the offer and gives notice thereof to the defendant or his attorney, within five (5) days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant, verified by affidavit. The offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance is not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned at the trial. If upon the action being adjudicated the judgment rendered is for the defendant or for the plaintiff and is for a lesser amount than the defendant's offer, then the plaintiff shall not be entitled to recover attorney's fees, court costs and interest. If the judgment rendered is for the plaintiff, and is for the same amount as the defendant's offer, then the plaintiff and defendant shall icur their own attorney's fees, court costs and interest. And if the judgment rendered is for the plaintiff, and is for a larger amount than the defendant's offer, then the plaintiff shall be entitled to recover attorney's fees, court costs and interest.

awarded a judgment in the same amount as the Defendant had offered.

We, therefore, hold that the provisions of 12 O.S. 1981 § 940(B), relating to attorney fees, costs and interest, are not applicable to a situation where a defendant offers to confess judgment and Plaintiff accepts the offer. Unless Defendant's offer, as accepted by Plaintiff, contains some agreement relating to attorney's fees, one way or another, then § 940(A) will apply, since Plaintiff is prevailing party. It follows that the trial court did not commit error in allowing attorney fees.

AFFIRMED.

ROBINSON, P.J., concurs.

REYNOLDS, J., dissents.

### ORDER

The Motion to Assess Attorney's Fees on Appeal filed by Appellees is granted. This case is remanded to the trial court with directions to conduct an evidentiary hearing to determine the amount of fee which is reasonable, under the guidelines of *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okl.1979).

DONE BY ORDER OF THE COURT OF APPEALS This 14th day of December, 1987.