[No. 55814–1. En Banc. September 14, 1989.]

THE STATE OF WASHINGTON, *Petitioner*, v. MICHAEL
LONG, *Respondent*.

*Arthur D. Curtis, Prosecuting Attorney,* and *James E.
David, Deputy,* for petitioner.

*Mark W. Muenster* and *Steven W. Thayer,* for respondent.

ANDERSEN, J.—

FACTS OF CASE

At issue in this case is whether a defendant's refusal to take a breath test is admissible in the State's case in chief in a trial for driving while under the influence of intoxicants.

Washington State Patrol Trooper Michael Haw arrested Michael Long, the defendant herein, for driving under the influence of intoxicants on June 3, 1986. After taking the defendant to jail, the trooper advised him of his constitutional rights and of his rights under the implied consent statute. The trooper informed the defendant that while he could refuse to take a breath test, "your refusal to take the test may be used against you in a subsequent criminal trial". The defendant declined to take a breath test.

The District Court denied defense counsel's motion in limine asking that the prosecution be precluded from bringing up the refusal unless the matter was first mentioned by the defendant. At trial, the District Court permitted the prosecution to ask the trooper in its case in chief whether the defendant had submitted to a breath test. The trooper testified that the defendant refused to take the test. A jury found the defendant guilty of driving while under the influence of intoxicants.

On appeal, the Superior Court reversed, citing this court's decision rendering refusal evidence inadmissible to establish guilt in *State v. Zwicker,* 105 Wn.2d 228, 713 P.2d 1101 (1986). The Court of Appeals granted the State's motion for discretionary review, then subsequently certified the case to this court. We accepted certification pursuant to RCW 2.06.030.

One principal issue is presented.

ISSUE

Is evidence of a defendant's refusal to take a breath test admissible as evidence of guilt following recent amendments to Washington's implied consent law?

DECISION

CONCLUSION. The 1985 and 1986 amendments to RCW 46.61.517, the statute governing admissibility of refusal evidence, make such evidence probative of guilt or innocence and admissible in a prosecution's case in chief.

A brief review of the evolution of the implied consent statute (RCW 46.20.308) and its evidentiary counterpart (RCW 46.61.517) is helpful to understanding this issue. Before the implied consent statute was enacted in 1969, no driver was required to submit to a chemical analysis of his or her blood, and evidence of a refusal to so submit was generally inadmissible in a civil action or criminal prosecution.[1] Under the 1969 implied consent statute, however, a person arrested for driving while under the influence of intoxicants was deemed to have consented to a blood or breath test.[2] A driver could withdraw consent by refusing to take the test.[3] Such a refusal, however, would result in revocation of the driver's license by the Department of Licensing.[4]

The 1969 implied consent statute removed any reference to the admissibility of refusal evidence in either a civil action or criminal prosecution. The effect of this removal was discussed in *State v. Parker,* 16 Wn. App. 632, 558 P.2d 1361 (1976), *review denied,* 88 Wn.2d 1012 (1977) which dealt with the issue of whether refusal to take a

---

[1]*See* Laws of 1965, lst Ex. Sess., ch. 155, § 60.

[2]Laws of 1969, ch. 1, § 1; *Gonzales v. Department of Licensing,* 112 Wn.2d 890, 894, 774 P.2d 1187 (1989); *State v. Parker,* 16 Wn. App. 632, 634, 558 P.2d 1361 (1976), *review denied,* 88 Wn.2d 1012 (1977).

[3]*Gonzales,* at 895; *Parker,* at 634.

[4]*Gonzales,* at 895; *Parker,* at 634.

breath test was admissible on the issue of guilt. The Court of Appeals concluded in *Parker* that it would be unfair to make refusal evidence admissible since the implied consent statute stated that the only consequence of a refusal to take a breath test was license revocation.[5]

In 1983, the Legislature responded to *Parker* by amending the implied consent statute and by enacting its evidentiary counterpart, RCW 46.61.517.[6] The amendment to the implied consent statute required an officer to warn a driver that refusal to take a blood or breath test meant not only license revocation but also the possibility that the refusal "may be used against him in any subsequent criminal trial."[7] The newly enacted RCW 46.61.517 reads as follows:

> The refusal of a person to submit to a test of the alcoholic content of his blood under RCW 46.20.308 is admissible into evidence at a subsequent criminal trial without any comment and with a jury instruction, where applicable, that there shall be no speculation as to the reason for the refusal and that no inference is to be drawn from the refusal.

Laws of 1983, ch. 165, § 27, p. 751.

It was this newly enacted statute, RCW 46.61.517, that we dealt with in *State v. Zwicker,* 105 Wn.2d 228, 713 P.2d 1101 (1986). As we there observed, the statute's "no speculation, no inference" provision prohibited the State from arguing that guilt could be inferred from the defendant's refusal or that the refusal could give rise to an inference that the defendant doubted whether the test would vindicate his sobriety.[8] While the United States Supreme Court had held it constitutionally permissible to use refusal evidence to infer guilt under state implied consent laws, RCW

---

[5]*Parker,* at 635.

[6]*See State v. Zwicker,* 105 Wn.2d 228, 234, 713 P.2d 1101 (1986).

[7]Laws of 1983, ch. 165, § 1, p. 731.

[8]*Zwicker,* at 232–33.

46.61.517 prohibited this application of refusal evidence.[9] Since refusal evidence could not be used to infer guilt, we concluded in *Zwicker* that it was not properly part of the State's case in chief.[10] We also concluded in *Zwicker* that admission of refusal evidence would be proper only if the defendant first opened the matter up by contending that there was a lack of credibility or competence on the part of the police.[11]

Before *Zwicker* was published, the Legislature amended the statute to delete any reference to instructing the jury. This 1985 version of the statute provided simply that a refusal to submit to a blood test "is admissible into evidence at a subsequent criminal trial without any comment."[12] The *Zwicker* court took notice of the amendment and observed that "[w]hether the 'without any comment' applies to the trial judge, prosecutor or defense counsel is unclear. It is also unclear what inferences the jury can draw from the refusal evidence when there is to be no comment."[13]

Then in 1986, the Legislature deleted the phrase "without any comment" from RCW 46.61.517.[14] This resulted in the statute reading as follows:

> *The refusal of a person to submit to a test of the alcoholic content of his blood under RCW 46.20.308 is admissible into evidence at a subsequent criminal trial.*

(Italics ours.) Laws of 1986, ch. 64, § 2, p. 217. The parties in the case before us conceded in the courts below, and in

---

[9]*Zwicker*, at 233, citing *South Dakota v. Neville*, 459 U.S. 553, 74 L. Ed. 2d 748, 103 S. Ct. 916 (1983).

[10]*Zwicker*, at 238.

[11]*Zwicker*, at 238.

[12]Laws of 1985, ch. 352, § 21, p. 1225–26.

[13]*Zwicker*, at 232 n.1.

[14]Laws of 1986, ch. 64, § 2, p. 217.

their appellate briefs here, that *this is the version of RCW 46.61.517 at issue in this case.*[15]

The District Court in this case concluded that the 1986 amendment removed any impediment to admitting refusal evidence in the State's case in chief and allowed the State's first witness to testify that the defendant had refused to take a breath test. When the case came before the Superior Court, however, that court did not agree that such impediments no longer existed, and cited *Zwicker* in reversing the defendant's conviction. The issue before us thus is whether the recent changes to RCW 46.61.517 warrant a new interpretation of the admissibility of refusal evidence.

█ *Zwicker* established that there are no federal constitutional barriers against using refusal evidence in a prosecution's case in chief and cited the United States Supreme Court's holding in *South Dakota v. Neville,* 459 U.S. 553, 74 L. Ed. 2d 748, 103 S. Ct. 916 (1983) as authority therefor. The *Zwicker* court briefly discussed article 1, section 9 of the Washington Constitution in concluding that there were likewise no state constitutional prohibitions against admitting refusal evidence. Since the applicability of the state constitution has been neither briefed nor argued in this case, we will not further consider it here.[16]

---

[15]The 1986 amendment to RCW 46.61.517 became effective on June 11, 1986, 8 days after the defendant's arrest. The 1986 version applies here, however, since statutes that relate to practice, procedure or remedies and which do not affect a contractual or vested right or impose a penalty will usually be held to apply to pending causes of action. *Godfrey v. State,* 84 Wn.2d 959, 961, 530 P.2d 630 (1975); *Poston v. Clinton,* 66 Wn.2d 911, 915–16, 406 P.2d 623 (1965); *see also Superior Asphalt & Concrete Co. v. Department of Labor & Indus.,* 19 Wn. App. 800, 805, 578 P.2d 59 (1978) (amendment to evidentiary statute may be applied retrospectively). We also note that in 1987, the statute was amended to include tests of blood *or breath.* Laws of 1987, ch. 373, § 5, p. 1433. That amendment is not of significance here, however, since it is already clear that the earlier reference to blood tests incorporated breath tests. *See State v. Zwicker,* 105 Wn.2d 228, 238, 713 P.2d 1101 (1986); *State v. Whitman Cy. Dist. Court,* 105 Wn.2d 278, 284, 714 P.2d 1183 (1986).

[16]*See State v. Gunwall,* 106 Wn.2d 54, 61–63, 720 P.2d 808 (1986); *State v. Wethered,* 110 Wn.2d 466, 472, 755 P.2d 797 (1988).

■ The barriers against admitting refusal evidence set forth in *Zwicker* are thus statutory and, as we now conclude, nonexistent given the 1985 and 1986 amendments to RCW 46.61.517. The statute no longer requires a jury instruction that calls for no speculation about the reason for a refusal and for no inference to be drawn from the refusal. Nor does the statute any longer require refusal testimony to be admitted "without any comment". The legislative determination that refusal evidence is relevant and fully admissible to infer guilt or innocence thus now seems clear.

We perceive no credible reason why this legislative determination should not be honored by this court.[17] While we retain our power to determine the relevancy and thus the admissibility of certain types of evidence, we perceive no valid reason not to accept the Legislature's recognition of relevancy in this instance.[18] Since the right to refuse to submit to a breath test is a matter of legislative grace, the Legislature may condition that right by providing that a refusal may be used as evidence in a criminal proceeding.[19] It has now done so. This is not to say, however, that depending on the facts of the particular case, the trial court may not exclude such evidence if the probative value of such evidence is found to be substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.[20]

Previous justifications for limiting the admissibility of refusal evidence are no longer persuasive given the legislative amendments to RCW 46.61.517. We see no satisfactory reason not to follow the Legislature's now clear intent of

---

[17]*See* ER 401.

[18]*See* ER 402; 5 K. Tegland, Wash. Prac. § 84 (3d ed. 1989).

[19]*See* RCW 46.20.308(2), (5); *State v. Brean,* 136 Vt. 147, 152, 385 A.2d 1085 (1978).

[20]ER 403; *see State v. Hughes,* 106 Wn.2d 176, 201, 721 P.2d 902 (1986).

rendering refusal evidence fully admissible in a criminal trial for driving while under the influence of intoxicants.

The District Court is affirmed; the Superior Court's order reversing the defendant's conviction and ordering a new trial is reversed.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, PEARSON, DURHAM, and SMITH, JJ., concur.

Reconsideration denied November 2, 1989.