[No. 12452-5-III.   Division Three.   October 7, 1993.]

ROY J. FRANK, *Appellant,* v. THE DEPARTMENT
OF LICENSING, *Respondent.*

*Richard W. Sanger* and *Sanger & Bartoletta,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Sheryl L. Gomez, Assistant,* for respondent.

KENNEDY, J. — Roy J. Frank was arrested for operating a motor vehicle while under the influence of intoxicants. He was advised of his rights under the implied consent statute, RCW 46.20.308,[1] and told that his "refusal to take this [breath] test may be used in a criminal trial." Mr. Frank refused the test and his driver's license was revoked by the Department of Licensing. The Superior Court affirmed the Department's order, following a trial de novo. The dispositive issue presented is whether the statutory implied consent warning that the refusal to take a breath test *may* be used in a criminal trial, as set forth in RCW 46.20.308(2), remains accurate after

---

[1] RCW 46.20.308 provides, in relevant part:

"(1) Any person who operates a motor vehicle within this state is deemed to have given consent . . . to a test or tests of his or her breath or blood for the purpose of determining the alcoholic content of his or her breath or blood if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor.

"(2) . . . The officer shall inform the person of his or her right to refuse the breath or blood test, and of his or her right to have additional tests administered by any qualified person . . . The officer shall warn the driver that (a) his or her privilege to drive will be revoked or denied if he or she refuses to submit to the test, and (b) that his or her refusal to take the test may be used in a criminal trial."

the Legislature amended RCW 46.61.517 in 1986.[2] We find that it does and affirm.

DISCUSSION

Mr. Frank contends that the use of the word "may" in the warning he received was inaccurate because RCW 46.61.517 and *State v. Long*, 113 Wn.2d 266, 778 P.2d 1027 (1989) mandate the admissibility of refusal evidence in all cases. He asserts that he would have been more inclined to take the breath test had he been advised that his refusal "will" or "shall" be used in evidence at a criminal trial. Mr. Frank also relies on *Welch v. Department of Motor Vehicles*, 13 Wn. App. 591, 536 P.2d 172 (1975).

RCW 46.20.308(2) states in relevant part:

The officer shall warn the driver that (a) his or her privilege to drive will be revoked or denied if he or she refuses to submit to the test, and (b) *that his or her refusal to take the test may be used in a criminal trial.*

(Italics ours.) One purpose of the implied consent warning is to allow a driver to make an intelligent judgment concerning the effect of his or her refusal to submit to and cooperate with the taking of a breath sample. *Borger v. Department of Licensing*, 51 Wn. App. 942, 946, 756 P.2d 153, *review denied*, 111 Wn.2d 1016 (1988); *Spokane v. Holmberg*, 50 Wn. App. 317, 323, 748 P.2d 49 (1987), *review denied sub nom. Box v. Grant Cy. Dist. Court*, 110 Wn.2d 1013 (1988). Our inquiry is whether the consent warning afforded the driver "the opportunity to make a knowing and intelligent decision whether to take the Breathalyzer test.' " *Cooper v. Department of Licensing*, 61 Wn. App. 525, 527-28, 810 P.2d 1385 (1991); *see also Mairs v. Department of Licensing*, 70 Wn. App. 541, 546, 854 P.2d 665 (1993). If the warning was inaccurate, the question is whether the driver was prejudiced. "Prejudice is determined by consider-

[2]Laws of 1986, ch. 64, § 2, p. 217. As so amended, RCW 46.61.517 now provides:
"The refusal of a person to submit to a test of the alcoholic content of the person's blood or breath under RCW 46.20.308 is admissible into evidence at a subsequent criminal trial."

ing whether the inaccurate information may have encouraged [the driver] not to take the Breathalyzer." (Italics omitted.) *Cooper*, at 528; *Mairs*, at 546; *Graham v. Department of Licensing*, 56 Wn. App. 677, 784 P.2d 1295 (1990).

*State v. Long, supra*, addressed whether a driver's refusal to take a breath test was admissible in a later criminal prosecution. The court observed that "[t]he legislative determination that refusal evidence is relevant and fully admissible to infer guilt or innocence . . . seems clear." *Long*, at 272. It stated, however, that, depending on the facts of a particular case, a court may "exclude such evidence if the probative value of such evidence is found to be substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury." *Long*, at 272 (citing ER 403). The court emphasized that, although it perceived no credible reason why the court should not honor the legislative determination of relevance and admissibility of the evidence of refusal to take the test, the final determination of whether such evidence will in fact be admitted into evidence in a particular case must remain with the courts. *Long*, at 272-73.

■ Accordingly, Mr. Frank's argument must fail. The consent warning he received complied with the exact statutory language of RCW 46.20.308(2), which directs that a driver be warned that refusal to take the breath test *may* be used in a criminal trial. No portion of the warning was omitted. Compare *Connolly v. Department of Motor Vehicles*, 79 Wn.2d 500, 487 P.2d 1050 (1971) (driver not informed of right to take additional tests). Nor was the officer's statement incorrect. *Cooper v. Department of Licensing, supra* (driver told he could obtain additional tests at own expense and not advised that indigent driver may obtain reimbursement).

Mr. Frank's reliance on *Welch v. Department of Motor Vehicles, supra*, is unpersuasive. In *Welch*, the driver was advised that, if he refused a breath test, he "could" lose his license. The court determined the warning was insufficient because the word "could" did not inform the driver that license revoca-

tion was a certainty. *Welch*, at 592. Here, the language of RCW 46.20.308(2) directs that a driver be informed that his or her refusal to take the test "may" be used in a criminal trial. *Welch* is distinguishable.[3]

The State properly relies on *Gonzales v. Department of Licensing*, 112 Wn.2d 890, 774 P.2d 1187 (1989). There, the arresting officer advised the driver that the refusal to take a breath test *shall* be used against him in a criminal trial. The driver contended that the implied consent warning was inaccurate because "shall" was used instead of "may". The court agreed that the use of the word "shall" was improper because "[t]he accurate form of the implied consent warning is that a refusal to take the Breathalyzer test 'may' be used in a criminal trial." *Gonzales*, at 902.

Further, even though refusal evidence is relevant and fully admissible under *Long*, a prosecutor may decide, in his or her discretion, not to introduce the evidence. There may, for instance, be a procedural defect. In addition, there may be particular reasons which require the trial court to exclude the refusal evidence. *See* ER 403.[4]

Finally, even if we were to assume that the warning was inaccurate, Mr. Frank has not shown that he was prejudiced. *See Gonzales v. Department of Licensing, supra* (consent warning was improper but not prejudicial to driver who had refused to take the breath test); *State v. Whitman Cy. Dist. Court*, 105 Wn.2d 278, 714 P.2d 1183 (1986) (inaccurate warning prejudiced the drivers by misleading them into *taking* the Breathalyzer test).

---

[3]We note also that *Long* is distinguishable on its facts. There, evidence of Mr. Long's refusal to take the breath test was admissible in a subsequent criminal trial as evidence of his guilt. Here, only a civil administrative license revocation proceeding is involved.

[4]ER 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The consent warning given to Mr. Frank, which remains accurate after the 1986 amendment to RCW 46.61.517, afforded him the opportunity to make a knowing and intelligent decision. Affirmed.

THOMPSON, C.J., and MUNSON, J., concur.