104 P.3d 70 (2005)
STATE of Washington, Appellant,
v.
Robin D. COHEN, Respondent.
No. 53163-8-I.
Court of Appeals of Washington, Division 1.
January 10, 2005.
*71 Jennifer Loran Worley, King County Prosecuting Office, Seattle, WA, for Appellant.
Kenneth Wesley Fornabai, Attorney at Law, Auburn, WA, Ben Harlan Boyd, Attorney at Law, Seattle, WA, for Respondent.
ELLINGTON, A.C.J.
Results of a breath test are admissible only if the results are reliable, i.e., if the machine used to obtain the results was properly serviced and in good working order. A driver's refusal to take the test is evidence of guilty knowledge, and is relevant whether or not the machine in the police station is working properly. The driver's refusal to take the test is the relevant fact, not the condition of the machine.
Here, the district court judge ruled that a refusal to take the breath test is not relevant unless the test, if taken, would have been admissible. This is error. The evidentiary value of a driver's refusal to take the test is unrelated to the qualifications of a machine never used. We reverse and remand.

FACTS
Robin Cohen was arrested for drunken driving in June, 2002. At the police station, she refused to submit to a breath test. The parties agreed that had Cohen submitted to the test, the results would have been suppressed, because a valid quality assurance procedure had not been performed on the machine she would have used. At the time, such procedures were required by the state toxicologist to be completed annually on every machine, using specific methods.[1] When a valid quality assurance procedure was not shown, the results of any tests from that particular machine were inadmissible.[2]
In pretrial proceedings in district court, the judge inquired whether a proper quality assurance procedure had been performed on the machine that would have been used to test Cohen's breath alcohol level. The prosecutor replied it had not. Commenting that the prosecutor probably already knew its position on the issue, the court suppressed evidence of Cohen's refusal to take the test, on the theory that because any test results would have been inadmissible, Cohen's refusal to take the test was irrelevant.
The superior court disagreed with this theory, but affirmed on grounds that the trial court had also excluded the evidence under ER 403, as potentially confusing to the jury. The State appeals.

DISCUSSION
A decision to admit or exclude evidence is reviewed for abuse of discretion. State v. Griswold, 98 Wash.App. 817, 823, 991 P.2d 657 (2000). A court abuses its discretion if its decision is manifestly unreasonable or is based on untenable grounds, or its discretion is exercised for untenable reasons. State v. Rundquist, 79 Wash.App. 786, 793, 905 P.2d 922 (1995). A court has acted unreasonably if its decision is outside the range of acceptable choices given the facts and the legal standard. Id.
The State argues the district court abused its discretion in finding the refusal evidence irrelevant, and contends such evidence *72 may be excluded only under a proper ER 403 analysis. Cohen maintains that the court did apply an appropriate ER 403 analysis, and properly suppressed the refusal as more prejudicial than probative due to potential juror confusion.
Relevance. Under RCW 46.61.517, a refusal to submit to a breath test is admissible in criminal prosecutions: "The refusal of a person to submit to a test of the alcohol or drug concentration in the person's blood or breath under RCW 46.20.308 is admissible into evidence at a subsequent criminal trial." The legislature has, in successive amendments, gradually removed various obstacles to admission of refusal evidence.[3] In State v. Long, 113 Wash.2d 266, 272-73, 778 P.2d 1027 (1989), the court considered the legislative history of RCW 46.61.517 in detail, and concluded, "the legislative determination that refusal evidence is relevant and fully admissible to infer guilt or innocence now seems clear." The court held as follows:
We perceive no credible reason why this legislative determination should not be honored by this court.... Since the right to refuse to submit to a breath test is a matter of legislative grace, the Legislature may condition that right by providing that a refusal may be used as evidence in a criminal proceeding.... We see no satisfactory reason not to follow the Legislature's now clear intent of rendering refusal evidence fully admissible in a criminal trial for driving while under the influence of intoxicants.
Id.
Division Three echoed this reasoning when considering whether the defendant's refusal of a drug test was admissible in State v. Baldwin, 109 Wash.App. 516, 527, 37 P.3d 1220 (2001). RCW 46.61.517 had not yet been amended to provide, as it does now, that refusals of drug tests are admissible. The Baldwin court held that legislative intent clearly favored admission: "Each amendment to RCW 46.51.517 over its nearly 20 year history has removed impediments to the use of refusal evidence at a criminal trial. Over the same period of time, the driving under the influence statutes have been consistently amended to make convictions easier." Id.
The rationale for admission of refusal evidence is that a refusal to take the test demonstrates the driver's consciousness of guilt. The refusal is the relevant fact, and the admissibility of the refusal does not depend on whether or not the results themselves, had any existed, would have been admissible. The hypothetical admissibility of the results of a test not taken is irrelevant to a consciousness of guilt analysis. The court erred in refusing the evidence on this basis.
Cohen concedes RCW 46.51.517 makes the evidence of her refusal admissible. She argues, however, that admitting evidence of refusal to take a test where the test results themselves would have been inadmissible provides an incentive to law enforcement to "manufacture" refusal evidence by offering unapproved tests. This argument is not persuasive. First, it is not clear how the police can manufacture a refusal. Second, as a policy argument, this construct ignores the purposes of the test. The United States Supreme Court has noted that states want drivers to choose to take the test, and want the test to be valid, because evidence of intoxication is far stronger where there is a positive blood (or breath) alcohol test, rather than just a refusal to take the test. South Dakota v. Neville, 459 U.S. 553, 564, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). "Manufacturing" refusal evidence would thus not advance the State's interests. We have no fear that admitting evidence of Cohen's refusal will encourage any improper conduct by law enforcement.
Jury Confusion. A refusal may be suppressed if its probative value is outweighed by the danger of unfair prejudice, confusion, or misleading the jury. See Long, 113 Wash.2d at 272, 778 P.2d 1027. Cohen *73 contends the district court suppressed the refusal evidence under ER 403, because of a potential for confusion of the issues. The superior court judge agreed, and ruled that while a refusal is generally relevant, the district court reasonably concluded that confusion might follow admission of Cohen's refusal. The record does not, however, support this interpretation of the district court's ruling, and we fail to see the possibility of confusion in any event.
The district court did not undertake an express ER 403 analysis, but such an analysis need not be stated on the record. State v. Gould, 58 Wash.App. 175, 184, 791 P.2d 569 (1990). We have therefore closely examined the entire colloquy on this issue. At no point did the court discuss confusion as a basis for excluding Cohen's refusal to take the breath test, although the court did briefly refer to the balancing test: "[I]t is to be weighed under a more probative standard as opposed to a more prejudicial standard. And as it was going to be suppressed, I would have found that it would have been more prejudicial than probative of anything of consciousness of guilt." Clerk's Papers at 52.
An ER 403 analysis must be applied to facts on a case by case basis.[4] On hearing the quality assurance procedure had not been properly performed on the machine, the court did not inquire as to the facts of this case. Instead, the court took a general approach to all cases: "[The prosecutor] ... probably know[s] what my position is." Clerk's Papers at 46. The court went on to state, twice, that Cohen's refusal to take the breath test was irrelevant, because the test results would not have been admitted. To the extent the court engaged in an ER 403 analysis, it was applied in the context of the court's belief that the refusal evidence was not relevant. This was error. Relevance of the refusal is not dependent on the qualifications of a machine never used.
Further, the notion that confusion would follow from evidence of Cohen's refusal appears to rest upon the premise that the jury would learn about the absence of a proper quality assurance procedure on the machine. But there is no reason to tell a jury the legal basis for not admitting evidence, and the hypothetical admissibility of evidence never created is at yet another remove. Jury confusion was not a tenable basis for exclusion of Cohen's refusal under ER 403.
Refusal evidence is relevant and admissible whether or not the test, if taken, would have resulted in admissible evidence. A court may reject the evidence if its probative value is outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury. Such was not the case here.
Reversed and remanded for new proceedings.
WE CONCUR: APPELWICK and AGID, JJ.
NOTES
[1] Former WAC 448-13-110 (1995), repealed by WAC 04-19-144 (filed 9/22/04, effective 10/23/04).
[2] City of Seattle v. Clark-Munoz, 152 Wash.2d 39, 49-50, 93 P.3d 141 (2004). The State had agreed to be bound for a specified time in King County cases by a ruling suppressing results from breath test machines because technicians had not followed the required quality assurance procedures.
[3] Former RCW 46.61.517 (1983), amended by Laws of 2001, ch. 142, § 1 provided:

The refusal of a person to submit to a test of the alcoholic content of his blood ... is admissible into evidence at a subsequent criminal trial without any comment and with a jury instruction, where applicable, that there shall be no speculation as to the reason of the refusal and that no inference be drawn from the refusal.
[4] See 5 KARL B. TEGLAND, WASH. PRACTICE: EVIDENCE LAW AND PRACTICE § 403.2, at 351 (4th ed. 1999) ("By the very nature of the Rule 403, each case must be judged on the basis of its own facts and circumstances.").