223 P.3d 1194 (2009)
153 Wash.App. 659
STATE of Washington, Respondent,
v.
Michael Tyrone GRESHAM, Appellant.
No. 62862-3-I.
Court of Appeals of Washington, Division 1.
December 21, 2009.
*1196 Maureen Marie Cyr, Washington Appellate Project, Seattle, WA, for Appellant.
Mary Kathleen Webber, Snohomish County Prosecutors Office, Everett, WA, for Respondent.
Amy Irene Muth, Rhodes & Meryhew LLP, Suzanne Lee Elliott, Attorney at Law, Seattle, WA, for Amicus Curiae The Washington Association of Criminal Defense Lawyers.
LEACH, J.
¶ 1 Michael Tyrone Gresham challenges the constitutionality of RCW 10.58.090, which addresses the admissibility of evidence of a defendant's past sex offenses in a criminal sex offense action, notwithstanding ER 404(b). At a pretrial hearing, the trial court determined that evidence of Gresham's prior sex offense was admissible under this statute. A jury subsequently found Gresham guilty of multiple counts of child molestation in the first degree. On appeal, Gresham claims (1) RCW 10.58.090 violates the separation of powers doctrine and (2) as it applied to him, violates the federal and state prohibitions against ex post facto laws. Finding no constitutional defect under either theory, we uphold the statute and affirm Gresham's conviction.

FACTS
¶ 2 Gresham has a history of sex offenses. In 1998 he was convicted of second degree assault with sexual motivation for molesting a nine-year-old girl in 1992. In 2008, he was arrested and charged with three counts of child molestation in the first degree and one count of attempted child molestation in the first degree for repeatedly molesting an eight-year old girl from 1998 to 2002.
¶ 3 During the proceedings on the child molestation charges, the trial court conducted a pretrial hearing to determine whether Gresham's 1998 assault conviction and testimony from the victim were admissible under the common scheme or plan exception to ER 404(b) or, alternatively, under RCW 10.58.090. The trial court held that this evidence was not admissible under ER 404(b) but was admissible under RCW 10.58.090.
¶ 4 On November 7, 2008, a jury found Gresham guilty on all four charges. On appeal, Gresham challenges the constitutionality of RCW 10.58.090.

STANDARD OF REVIEW
¶ 5 Constitutional challenges to legislation are questions of law we review de novo.[1] Statutes are presumed constitutional, and the party challenging the legislation bears the burden of proving the legislation is unconstitutional beyond a reasonable doubt.[2]

ANALYSIS
¶ 6 ER 404(b) prohibits the use of evidence of other crimes, wrongs, or acts to show action in conformity therewith but also lists other purposes for which evidence of past acts is admissible.[3] This list is not exclusive.[4]
¶ 7 RCW 10.58.090 states, "In a criminal action in which the defendant is accused of a sex offense, evidence of the defendant's *1197 commission of another sex offense or sex offenses is admissible, notwithstanding Evidence Rule 404(b), if the evidence is not inadmissible pursuant to Evidence Rule 403."[5] As used in this statute the term "sex offense" includes uncharged conduct.[6] The statute identifies the following list of factors that the trial court "shall" consider to determine whether the evidence should be excluded under ER 403:
(a) The similarity of the prior acts to the acts charged;
(b) The closeness in time of the prior acts to the acts charged;
(c) The frequency of the prior acts;
(d) The presence or lack of intervening circumstances;
(e) The necessity of the evidence beyond the testimonies already offered at trial;
(f) Whether the prior act was a criminal conviction;
(g) Whether the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence; and
(h) Other facts and circumstances.[7]
The legislature's purpose for adopting this "exception to Evidence Rule 404(b)" is to "ensure that juries receive the necessary evidence to reach a just and fair verdict."[8]
¶ 8 Gresham contends that RCW 10.58.090 violates the separation of powers doctrine by invading the judiciary's prerogative to promulgate rules of evidence. Alternatively, Gresham contends that RCW 10.58.090, as applied to him, violates the state and federal constitutional prohibition against ex post facto laws.

Separation of Powers
¶ 9 Our state constitution divides the political power of the government between three co-equal branches. Implicit in this distribution of power is the separation of powers doctrine, the purpose of which is to secure the core functions of each branch against encroachment by the other two branches.[9] The doctrine does not require that the three branches be hermetically sealed off from one another, however.[10] Some overlap is required to "maintain an effective system of checks and balances."[11] Accordingly, the test for deciding whether "one branch of government [is] aggrandizing itself or encroaching upon the `fundamental functions' of another" is "`not whether the two branches of government engage in coinciding activities, but rather whether the activity of one branch threatens the independence or integrity or invades the prerogatives of another.'"[12]
¶ 10 This case implicates shared functions of the judicial and legislative branches of government. The authority of our Supreme Court derives from article IV of our state constitution and from the legislature under RCW 2.04.190.[13] Article IV provides the judiciary with the power to promote the effective administration of justice by governing court practice and procedure.[14] "`[P]ractice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.'"[15] This includes the power to determine the admissibility of *1198 evidence.[16] RCW 2.04.190 confers on our Supreme Court the
power to prescribe ... the mode and manner of ... filing proceedings and pleadings; of giving notice ... and process of all kinds; of taking and obtaining evidence; of ... entering ... orders and judgments; and generally to regulate ... by rule the forms for ... the entire pleading, practice, and procedure to be used in all suits, actions, appeals and proceedings....
(Emphasis added.) Accordingly, "[t]he adoption of the rules of evidence is a legislatively delegated power of the judiciary."[17]
¶ 11 The authority of the legislature to enact evidence rules has been recognized since statehood.[18] Hence, both branches may promulgate rules of evidence. In light of this overlap, "[w]hen a court rule and a statute conflict, the court will attempt to harmonize them, giving effect to both."[19] But when rules and statutes cannot be harmonized, "the nature of the right at issue determines which one controls."[20] Thus, "[w]henever there is an irreconcilable conflict between a court rule and a statute concerning a matter related to the court's inherent power, the court rule will prevail."[21]
¶ 12 Though Gresham and the State agree that both the judiciary and the legislature share authority to promulgate rules of evidence, Gresham asserts that RCW 10.58.090 conflicts with ER 404(b) expressly and impliedly. He claims that the statute expressly conflicts with the rule by stating it applies "notwithstanding Evidence Rule 404(b)." The implied conflict arises from the absence of any language in the statute limiting the purposes for which past acts evidence may be admitted, while ER 404(b) limits use of past acts evidence for specific purposes only, such as proof of motive, opportunity, intent, and the like. According to Gresham, this absence of any limiting language means that evidence may be admitted under RCW 10.58.090 for purposes prohibited by ER 404(b).
¶ 13 Although we agree with Gresham that the language, "notwithstanding Evidence Rule 404(b)," may present an apparent conflict, finding an apparent conflict does not end our analysis. We must determine whether RCW 10.58.090 and ER 404(b) can be harmonized.
¶ 14 Gresham contends that RCW 10.58.090 usurps a core function of the courtsregulation of the manner by which a fact finder determines guilt. He claims that it does this by reversing the judiciary's general ban on using character evidence to show guilt reflected in ER 404(b). For support, Gresham cites the centuries-old common law tradition of rejecting propensity evidence as too attenuated to be relevant or too prejudicial to be allowed in a criminal prosecution.
¶ 15 Gresham's argument glosses over controlling Supreme Court case law addressing the harmonizing step in our analysis. In City of Fircrest v. Jensen,[22] the court considered whether a statute governing the admissibility of blood alcohol content (BAC) test results in driving under the influence of an intoxicant (DUI) prosecutions, RCW 46.61.506(4)(a), violated the separation of powers doctrine. The statute provided, "A breath test performed by any instrument approved by the state toxicologist shall be admissible at trial or in an administrative proceeding if the prosecution or department produces prima facie evidence of [a list of exclusive factors]." (Emphasis added.) It continued,

*1199 Nothing in this section shall be deemed to prevent the subject of the test from challenging the reliability or accuracy of the test, the reliability or functioning of the instrument, or any maintenance procedures. Such challenges, however, shall not preclude the admissibility of the test once the prosecution or department has made a prima facie showing of the requirements contained in (a) of this subsection. Instead, such challenges may be considered by the trier of fact in determining what weight to give to the test result.[23]
¶ 16 Jensen argued that the legislature impermissibly attempted to regulate court procedure by mandating admission of BAC test results once the State met its prima facie burden. The court rejected the argument, noting instead that the statute merely established reliability standards:
[O]nce reliability of the test is established by a prima facie showing from the State, all other challenges concerning the accuracy or reliability of the test, the testing instrument, or the maintenance procedures necessarily go to the weight of the test results. That is, the trial court may still utilize the rules of evidence, including ER 702, to determine if the BAC test results will be admitted.[24]
In other words, the statute did not deprive the court of a core judicial functionthe power to determine admissibility of evidence in an individual case.
¶ 17 Central to the court's reasoning was its decision in State v. Long.[25] In Long, the court interpreted a legislative response to an earlier court decision. This legislation made BAC test refusal evidence admissible in the State's case in chief for the purpose of inferring guilt or innocence in criminal DUI prosecutions. The court deferred to the legislature's determination that refusal evidence was relevant and admissible because the trial court retained the right in any particular case to exclude refusal evidence under ER 403.[26] According to the court in Jensen, RCW 46.61.506(4)(a) was no different:
The act does not state such tests must be admitted if a prima facie burden is met; it states that such tests are admissible. The statute is permissive, not mandatory, and can be harmonized with the rules of evidence. There is nothing in the bill, either implicit or explicit, indicating a trial court could not use its discretion to exclude the test results under the rules of evidence. The legislature is not invading the prerogative of the courts, nor is it threatening judicial independence.[27]
¶ 18 The same analysis applies here. And since RCW 10.58.090 is permissive, preserving to the court authority to exclude evidence of past sex offenses under ER 403, Gresham's challenge to the statute fails. RCW 10.58.090(1) states, "In a criminal action in which the defendant is accused of a sex offense, evidence of the defendant's commission of another sex offense or sex offenses is admissible, notwithstanding Evidence Rule 404(b), if the evidence is not inadmissible pursuant to Evidence Rule 403." (Emphasis added.) With this language the legislature recognized the court's ultimate authority to determine what evidence will be considered by the fact finder in any individual case. Since the statute permits, but does not mandate, the admission of evidence of past sex offenses, it does not circumscribe a core function of the courts.

Ex Post Facto
¶ 19 Gresham's trial occurred after June 12, 2008, the effective date of RCW 10.58.090. Because Gresham committed his crimes before this date, in 1992 and from 1998 to 2002, he contends that RCW 10.58.090, as applied to him, violates the federal and state constitutional prohibitions against ex post facto laws.
¶ 20 Article 1, section 10 of the United States Constitution declares that "[n]o state shall ... pass any ... ex post facto *1200 law." Article 1, section 23 of the State Constitution reads, "No ... ex post facto law ... shall ever be passed." Since Washington courts have applied the federal ex post facto analysis to the state analogue, the two provisions are coextensive, and we look to federal constitutional law for guidance when we evaluate Gresham's claim.
¶ 21 In Calder v. Bull, the United States Supreme Court identified four categories of laws that, if applied retroactively, would constitute a violation:[28]
1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.[29]
Gresham asserts that RCW 10.58.090 falls into the fourth category.
¶ 22 The United States Supreme Court analyzed the fourth category in Carmell v. Texas.[30] At the time that Carmell was charged with sexual abuse of a child, the applicable Texas statute required corroborating testimony to convict, unless the child victim reported the abuse within six months. Before trial, the legislature eliminated the six-month time limit, allowing a conviction on the basis of victim testimony without corroboration, regardless of when the abuse was first reported.
¶ 23 The court accepted Carmell's claim that the amendment unfairly reduced the quantum of evidence required to convict him. The court described the difference between laws that affect the quantum of evidence and laws that pertain to the competency of evidence:
Evidence admissibility rules do not go to the general issue of guilt, nor to whether a conviction, as a matter of law, may be sustained. Prosecutors may satisfy all the requirements of any number of witness competency rules, but this says absolutely nothing about whether they have introduced a quantum of evidence sufficient to convict the offender.[31]
¶ 24 The court explained that the amendment did not address the competency of a child victim. The child could testify before and after the amendment. Instead, the amendment changed the quantum of evidence required for a conviction by eliminating the requirement that the state present corroborating evidence.
¶ 25 In Ludvigsen v. City of Seattle,[32] our Supreme Court adopted the Carmell analysis of the fourth Calder category. At the time Ludvigsen was charged with driving while intoxicated, the state was required to show under the per se prong that the breathalyzer machine's thermometer had been certified with a thermometer traceable to National Institute of Standards and Testing standards. In 2004, the legislature amended the statute to remove this element from the State's prima facie burden. The defendant was tried in 2005 under the new rule.
¶ 26 In finding that the 2004 amendments altered the quantum of evidence necessary to support a conviction, the court explained that "`ordinary' rules of evidence do not implicate ex post facto concerns because `they do not concern whether the admissible evidence is sufficient to overcome the presumption [of innocence].'"[33] And though "it is true the [2004] amendments govern the admissibility of evidence, of greater significance is what they take away. Before the amendments, defendants could not be prosecuted, as a matter of law, based solely on evidence from *1201 a breath test that was not certified. Now they can."[34] Because the amendments changed the quantum of evidence required by law to prove an element of the charged crime, the law applied to the defendant was an ex post facto violation.
¶ 27 Illustrating this principle by point of contrast is our Supreme Court's decision in State v. Clevenger.[35] There, the court upheld a legislative change to evidence rules that allowed one spouse to testify against the other in a criminal action if that spouse committed a crime against his or her child. The court reasoned that the change in the rules did not "`authorize conviction upon less proof, in amount or degree, than was required when the offense was committed.'"[36] Instead the statute made a witness competent to testify who was previously not competent because of marital status. Because the nature and character of the crime's underlying elements remained the same, as did the amount and degree of proof, no ex post facto violation was found.
¶ 28 Application of the above analysis to the present case is straightforward. RCW 10.58.090 does not alter the facts necessary to establish guilt, and it leaves unaltered the degree of proof required for a sex offense conviction. It only makes admissible evidence that might otherwise be inadmissible. For this reason, RCW 10.58.090 is like the statute at issue in Clevenger: the State still has to prove beyond a reasonable doubt all the elements of the charged crimehere, child molestation in the first degreeregardless of whether evidence was admitted under RCW 10.58.090. Because RCW 10.58.090 does not alter the quantum of evidence necessary to convict, it does not violate the constitutional prohibitions against ex post facto laws.

Conclusion
¶ 29 Because RCW 10.58.090 violates neither the separation of powers doctrine nor the ex post facto clauses of the federal and state constitutions, we affirm.
WE CONCUR: SCHINDLER, C.J., and COX, J.
NOTES
[1] City of Fircrest v. Jensen, 158 Wash.2d 384, 389, 143 P.3d 776 (2006).
[2] State ex rel. Peninsula Neighborhood Ass'n v. Dep't of Transp., 142 Wash.2d 328, 335, 12 P.3d 134 (2000).
[3] This list of other purposes for which past acts evidence may be admitted includes "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
[4] State v. Hepton, 113 Wash.App. 673, 688, 54 P.3d 233 (2002).
[5] RCW 10.58.090(1).
[6] RCW 10.58.090(5).
[7] RCW 10.58.090(6).
[8] SUBSTITUTE S.B. 6933, at 412-14, 60th Leg., Reg. Sess. (Wash.2008).
[9] State v. Moreno, 147 Wash.2d 500, 505-06, 58 P.3d 265 (2002).
[10] Carrick v. Locke, 125 Wash.2d 129, 135, 882 P.2d 173 (1994).
[11] Carrick, 125 Wash.2d at 135, 882 P.2d 173.
[12] Moreno, 147 Wash.2d at 505-06, 58 P.3d 265 (quoting Carrick, 125 Wash.2d at 135, 882 P.2d 173).
[13] Jensen, 158 Wash.2d at 394, 143 P.3d 776.
[14] Jensen, 158 Wash.2d at 394, 143 P.3d 776.
[15] Jensen, 158 Wash.2d at 394, 143 P.3d 776 (quoting State v. Smith, 84 Wash.2d 498, 501, 527 P.2d 674 (1974)).
[16] See Ludvigsen v. City of Seattle, 162 Wash.2d 660, 671, 174 P.3d 43 (2007); Kerr v. Palmieri, 325 Mass. 554, 557, 91 N.E.2d 754 (1950); Hrouda v. Winne, 112 A.D.2d 304, 305, 491 N.Y.S.2d 749 (App. Div. 2 1985).
[17] Jensen, 158 Wash.2d at 394, 143 P.3d 776.
[18] State ex rel. Foster-Wyman Lumber Co. v. Superior Court for King County, 148 Wash. 1, 4, 267 P. 770 (1928).
[19] Jensen, 158 Wash.2d at 394, 143 P.3d 776.
[20] State v. W.W., 76 Wash.App. 754, 758, 887 P.2d 914 (1995).
[21] Jensen, 158 Wash.2d at 394, 143 P.3d 776.
[22] 158 Wash.2d 384, 143 P.3d 776 (2006).
[23] RCW 46.61.506(4)(c).
[24] Jensen, 158 Wash.2d at 397-98, 143 P.3d 776 (emphasis added).
[25] 113 Wash.2d 266, 778 P.2d 1027 (1989).
[26] Long, 113 Wash.2d at 272, 778 P.2d 1027.
[27] Jensen, 158 Wash.2d at 399, 143 P.3d 776.
[28] 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798).
[29] Calder, 3 U.S. at 390.
[30] 529 U.S. 513, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000).
[31] Carmell, 529 U.S. at 546-47, 120 S.Ct. 1620.
[32] 162 Wash.2d 660, 174 P.3d 43 (2007).
[33] Ludvigsen, 162 Wash.2d at 671, 174 P.3d 43 (alteration in original) (quoting Carmell, 529 U.S. at 533 n. 23, 120 S.Ct. 1620).
[34] Ludvigsen, 162 Wash.2d at 674, 174 P.3d 43 (citation omitted).
[35] 69 Wash.2d 136, 417 P.2d 626 (1966).
[36] Clevenger, 69 Wash.2d at 142, 417 P.2d 626 (quoting Hopt v. Utah, 110 U.S. 574, 590, 4 S.Ct. 202, 28 L.Ed. 262 (1884)).